1819.

SHEPHERD
v.
M'EVERS.

SHEPHERD, survivor, &c. *against* M'EVERS and others.

Where trustees have accepted the trust, and entered on its execution, they, cannot, afterwards, without the consent of the *cestui que trust,* or the direction of the Court, surrender, or discharge themselves of the trust.

The vested interest of a *cestui que trust,* cannot be impaired or destroyed by the voluntary act of the trustee; but the trust will follow the land in the hands of the person to whom it has been conveyed by the trustee, with knowledge of the trust.

Though a trust be created for the benefit of a third person, as a creditor, without his knowledge, at the time, he may, afterwards, affirm the trust, and enforce its execution.

As where *S.,* such *cestui que trust,* resided abroad, and before he was informed of the trust, created by the deed of his debtor, for the benefit of his creditors, the trustees, without the direction of this court, conveyed the trust estate to others, upon other trusts and conditions, which, in their operation, would have excluded *S.* from all share or benefit in the joint estate; the trustees, in the second deed, were held chargeable with the trusts contained in the first deed, of which they had full knowledge at the time.

*September 8th.*    BETWEEN the years 1795 and 1812, *Theophylact Bache* became indebted to the firm of *Sauer, Eyre & Co.* of *Sheffield,* in *England,* of which the plaintiff is surviving partner; the amount of which debt, including interest, as stated in the account annexed to the bill, was 402*l.* 3*s.* sterling. *T. B.* having become insolvent, on the 8th of *June,* 1807, executed a conveyance to *M'Evers* and *Leispenard,* defendants, as joint tenants in fee, of certain real estate in the city of *New-York,* and in the county of *Essex,* in *trust,* to sell and mortgage the same, as, and when, they should deem it expedient, and apply the moneys arising from the sale, or mortgages, to pay the debts of *T. B.* and such responsibilities which they, the said *M. & L.* might incur, in the management of his concerns, " or such of them as the said

trustees might deem it expedient to pay," and where the debts, responsibilities, and all necessary costs, &c., were paid and discharged, the trustees were to reconvey what remained of the said property, &c. The trustees accepted the trust, and entered on the execution, paid some debts, and incurred the responsibilities. On the 9th of *October*, 1807, an indenture was executed between *T. B* of the first part, the said trustees, *M. & L.* of the second part, and *E. B.*, *J. W.*, *C. R.*, *S. D.*, and *J. S.*, creditors of *T. B* and *A. B.*, defendants, of the third part, and the five persons named, and the several other creditors of *T. B.* and *A. B.* &c., who should execute the deed within the time therein mentioned, (three months,) of the fourth part. After reciting the former deed of trust, and that *M.* and *L.* had incurred debts and responsibilities for *T. B.* to a large amount, &c. that they had not sold any part of the estate so conveyed to them in trust, and had, at the request of the parties of the third part, in behalf of the creditors, &c. *declined to act in the trust,* and for the purpose of vesting the said property in the parties of the third part, &c., the parties of the first and second parts sold and conveyed all the said trust property, and all the estate, real and personal, of *T. B.*, &c. to the parties of the third part, in *trust*, to sell, and out of the proceeds, to pay, (1.) what was due to *M.* and *L.* with interest : (2.) to pay an annuity of 1,000 dollars a year, to *T. B.* for life : (3.) to pay costs and expenses, &c., and to divide the residue between the parties of the third part, and the other creditors of *T. B.* and *A. B.* who should come in and execute the deed in three months from the date, in equal proportion, according to the quantum of their debts, &c. '

The bill, which was filed in *June*, 1816, prayed for a discovery, and an account, and that the deeds of trust might be brought into court and cancelled, &c., and for general relief.

1819.

SHEPHERD
v.
M'EVERS.

*Woodward*, for the plaintiff.

*D. B. Ogden*, for the defendant.

*September 8th.* THE CHANCELLOR. *Theophylact Bache* was indebted, on the 8th of *June*, 1807, to the house of *Sauer, Eyre & Co.* of which the plaintiff is the survivor. This appears very clearly from the certificates of *T. B.* of the 22d of *May*, 1795, and the 17th of *February*, 1796, and from the testimony of *J. O. Hoffman, N. Van Antwerp*, and *Andrew Bache.* The last of these witnesses proves the confessions of *T. B.* a short time before his death, in 1807, as to the existence and validity of the debt.

Being so indebted, *T. B.* on the 8th of *June*, 1807, conveyed his real estate in the city of *New-York*, and in the county of *Essex*, to the defendants *M'Evers* and *Lispenard*, in trust, to pay his debts. These defendants accepted that trust, and entered upon the execution of it, and it was not in their power, without the assent of the *cestui que trusts*, (of which the house of *Sauer, Eyre & Co.* were one,) or without the direction of this court, to discharge themselves of the trust. I take this to be a clear and settled rule of the court. It appears, however, that on the 9th day of *October*, following, those defendants, without such assent or direction, united with *T. B.* in a conveyance of that estate to the other defendants, upon other trusts and conditions, which, in their operation, excluded the plaintiff from all benefit under either deed. This conveyance was evidently a breach of trust; and as the grantees in the second deed had knowledge, at the time, of the first deed, and of its contents, they became chargeable with the trusts contained in the first deed. The vested interest of a *cestui que trust*, cannot be impaired or destroyed by such a voluntary act of the trustee, and the trust will follow the land in the hands of any person taking it with knowledge of the trust. Though a trust be created for the benefit of a third person, without his knowledge at the

timé, he may, afterwards, affirm the trust, and enforce its execution; (3 *Johnson's Ch. Rep.* 261.) but in this case, the trust was violated by the creation of a different trust, before the house of *Sauer, Eyre, & Co.,* in *England,* had due opportunity to act under it.

I shall, accordingly, decree, that a reference be had to ascertain and report the amount of the plaintiff's debt, as shown by the proofs and exhibits in this cause, after making all just allowances, and that the master take an account of the proceeds of the real estate mentioned in the deed of the 6th of *June,* 1797, and of the debts chargeable thereon, under the said deed, and how much of these proceeds has come to the hands of the defendants, or either of them, and of the investment and disposition of these proceeds, or any part thereof, by way of payment, or otherwise, or of the lands, or any part thereof, by the defendants, or any part of them, and that he have power to examine the parties upon oath, and to take such proof, by witnesses, not already examined, as either party may produce, and that the question of costs, and all other questions, be, in the mean time, reserved.

Decree accordingly.