### N. and J. L. JUDSON *vs.* J. GIBBONS and others.

A devise to executors *eo nomine* to hold and manage real estate until the coming of age of the youngest child of the testator, *vests* the estate in the executors, and it is not necessary to the perfecting of the estate in them that they should take out letters testamentary.

An executor, who omits to take out letters testamentary at the same time that his co-executors do, may afterwards come in and take them ; and even should he *renounce* after the decease of such of the executors as do prove the will, he is entitled to take the executorship upon himself.

A *trustee* of real estate, appointed by a will, may assert his interest in the estate, and execute the trust at any time, although he has previously refused to accept the trust, if he has not *released* his estate and interest to the other trustees, or executed a *deed of disclaimer.*

In a suit against *several* defendants, where one severs in his defence and puts in a plea which goes to his *personal discharge* , and not to *the action of the writ*, the plaintiff may enter a *nolle prosequi* as to him and proceed against the others.

So, if the action be against several defendants, in a representative character, upon the contract of him whom they are alleged to represent, and not upon the joint contract of themselves, the plaintiff is entitled to a verdict against such of the defendants as he proves to be chargeable, although he fails to shew the liability of all.

THIS was an action of *assumpsit*, tried at the Albany circuit in September, 1829, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The suit is for the recovery of the amount of several bills of exchange accepted by James Gibbons in his life time. The declaration is against Esther Gibbons and Jacob T. B. Van Vechten, as *devisees*, against James Gibbons and others, as children and *heirs and devisees*, and against C. E. Cobb and others, as grand children and likewise *heirs* of the acceptor. Van Vechten pleaded *separately*, 1. Non assumpsit by the testator; 2. That he had nothing by devise; and 3. subjoined a notice to his plea that he would prove on the trial that he had not any thing by devise from the testator; and that by the last will and testament of the testator, he was appointed a naked trustee and executor of the estate of the testator, and that he renounced such trust and office of executor, and duly filed his renunciation. The other defendants joined in pleading, 1. Non assumpsit by the testator; 2. That they had nothing by *descent;* 3. That they had nothing by *devise;* and 4. Subjoined a notice that they had nothing either by descent or devise. The plaintiffs *replied* to the second plea of Van Vechten, that at the commencement of this suit he had divers lands and tenements by devise from the testator, and tendered an issue to the country; to the second plea of the other defendants, an admission of the facts therein stated, praying judgment of assets *quando*, &c.; and to the third plea, taking issue, and averring that they had lands by devise at the commencement of the suit.

On the trial of the cause, the liability of the testator as acceptor of the bills of exchange was shewn; and it was proved that all the defendants, except Esther Gibbons and Jacob T. B. Van Vechten, were the children and grand children of the testator. The last will and testament of the testator was produced, by which, after directing the payment of his debts, and bequeathing certain legacies and annuities, the testator gave and devised to his executors thereinafter named, and to the survivor and survivors of them, all the residue and remainder of his real and personal estate *upon trust* to take care of and manage the same, and invest the income thereof in stock or other securities, to the best advantage for the interest of the estate, until his youngest child should attain the age of 21, and then to divide the same amongst all his children, share

and share alike, (reserving sufficient for the payment of the annuities and legacies before given, amongst which were annuities and legacies to C. E. Cobb and others, the grand children of the testator,) declaring that the shares of each of his daughters, of whom there are five, from the time of such division should remain vested in his executors upon trust to pay the rents, issues and profits to his daughters during their lives; and appointing his wife Esther executrix, and his son James and J. T. B. Van Vechten executors of his will. The plaintiffs then shewed an unavailing attempt to collect the demand in question by suit against Esther Gibbons, the executrix, and proved that the testator at the time of his death died seized of real estate sufficient to pay the debt, and rested.

It was conceded that *Van Vechten* had not taken out letters testamentary, nor acted as executor. The judge ruled that not having done so, he was not a devisee under the will of the testator, and could not take as trustee without acting as executor; to which decision the plaintiffs excepted. The plaintiffs then offered to enter a *nolle prosequi* as to Van Vechten, and take a verdict against the other defendants. The judge decided that unless the plaintiffs shewed a right of recovery against *all* of the defendants, they were not entitled to a verdict against any of them; and further, that as no interest was shewn in the grand children in the real estate of the testator, they were not chargeable, and were improperly made defendants: to which decisions the plaintiffs also excepted. The jury, under the charge of the judge, found a verdict for the defendants. A motion was now made for a new trial.

*J. Hamilton,* for the plaintiffs.

*J. Edwards & J. M'Kown,* for the defendants.

*By the Court,* SAVAGE, Ch. J. The questions presented in this case, in the order in which they arose at the circuit, are the following: 1. Is the defendant Van Vechten a devisee under the will of the testator? 2. If not, could the plaintiffs enter a *nolle prosequi* as to him, and proceed against the other defendants? 3. Were the children of Mrs. Cobb properly made defendants?

UTICA,
July, 1830.

Judson
v.
Gibbons.

1. There can be no doubt that the testator intended to convey his whole estate, real and personal, to the persons named by him as executors, upon the trusts mentioned in the will. When the testator died, the title to his estate passed from him. Where did it vest? Undoubtedly in the heirs, unless the testator had devised it to other persons. The executors in this case have not a bare authority only; the devise of the estate is direct *to* them. It is not a power to sell, nor a devise to sell; but it is a devise *to hold* and manage the estate until the youngest child shall come of age. It was contended that Van Vechten did not become trustee unless he became executor. I apprehend that is not correct; he might have acted, and all the executors might have executed the trusts in the will without probate of the will; and even if such were the consequence of not proving the will, still he may be considered a devisee. An executor named in the will is not bound to take probate when his co-executors do; he may come in at any time afterwards and take letters testamentary; and even should he renounce, (which was not done here,) though he cannot in that case take letters testamentary during the life of such as prove the will, yet should he survive them he is entitled to administration of the estate and to letters testamentary. *Toller*, 68, 9. In *Wankford* v. *Wankford*, 1 *Salk.* 307, Holt, Ch. J. says : Where H. makes his will and appoints several executors, if one of them refuses and the rest administer, that makes his refusal void; and the refusing executor may notwithstanding release any debt. *5 Co.* 28 *a.* And in actions brought by them, the refusing executor must be named. *9 Co.* 97. And if the refusing executor survives, he may take the executorship upon him." He refers to some contradictory decisions upon the point, but shews the law to be settled by authority as he had laid it down.

If this be law, and I believe there is no doubt that it is so, Van Vechten may prove the will at any time; and even had he renounced, should Mrs. Gibbons die before the youngest child comes of age, he would be entitled to administration, and letters of administration granted to an administrator

UTICA,
July, 1830.

Judson
v.
Gibbons.

would be irregular until he had again renounced, after the death of the executrix. He might be prevailed upon perhaps to take letters testamentary and execute the will. This shews conclusively that a renunciation, much less a refusal to act, does not divest him absolutely of his interest as executor; neither does it discharge him of the trust. He became trustee, and vested with the estate for the purposes of the trust by virtue of the will. There was no act of his necessary to be done by way of condition precedent. The taking letters testamentary was necessary to facilitate the collection of outstanding debts; but the estate in hand, at the testator's death, belonged to the executors named as trustees, not as executors. The executors indeed were entitled to it in preference, so far as was necessary for the payment of debts; but the character of executor and trustee are not necessarily blended. Suppose it had been part of the trust, that the real estate should be sold, all the trustees must unite in the conveyance. It was within the power of Van Vechten to divest himself of the character of trustee and his interest as such. "Where a trustee refuses to accept a trust, the usual practice is to require him to release all his estate and interest to the other trustees, or to execute a deed of disclaimer." 1 *Cruise*, 539. I apprehend Van Vechten should have disclaimed or released the trust as well as refused the executorship, and then he could not have been considered a devisee under the will; but without such disclaimer or release, he remains vested with an interest which he is at liberty to assert and execute. I am therefore of opinion that he was properly made a defendant as devisee.

2. But suppose he was not, then the question arises, could the plaintiff enter a *nolle prosequi* as to him? In actions upon contract the rule is this: Where the action is brought against several defendants as joint contractors, who join in their pleas, and a verdict is found against them, the plaintiff cannot enter a *nolle prosequi* against any of them; but if such defendants sever in their pleas, and one pleads some plea which goes to his *personal* discharge and not to *the action of the writ*, the plaintiff may enter a *nolle prosequi* as to him and proceed against the others. 1 *Saund.* 207. 1 *Wills.* 90.

The plea of *ne unques executor* does not deny the cause of action, but only that he is one of the representatives of the testator. 1 *Saund.* 207, *b. n.* In this court the practice has been carried farther in favor of the right to enter a *nolle prosequi.* In *Hartness* v. *Thompson,* 5 *Johns. R.* 160, Van Ness, justice, says, "When a suit is commenced against several joint debtors upon a joint contract, and one of them pleads or *gives in evidence* a matter which is a bar as to him only, and of which the others cannot take advantage as it respects them, there can be no good reason why the plaintiff should not be at liberty to proceed to take judgment against them." These authorities go farther than is necessary in this cause to authorize the course which the plaintiffs proposed to adopt. Van Vechten had pleaded separately that he was not a devisee. He did not therefore deny the cause of action, but only that he was one of the representatives of the testator, precisely like a defendant sued as executor who pleads *ne unques executor.* The plaintiffs therefore should have been permitted to enter a *nolle prosequi* against him, and to have proceeded against the others, even had he been improperly joined.

3. This brings me to the last point of inquiry, whether the plaintiff was bound to make out a joint cause of action against the children of Mrs. Cobb? All the defendants in this case are prosecuted as the legal representatives of the real estate of the testator, in the same manner as executors are sued as the representatives of the personal estate. Upon the principle just stated, and upon the case of *Hartness* v. *Thompson,* if it appear on the trial that any of the defendants have a defence which is personal, and does not go to the action of the writ, the plaintiff should take a verdict against the other defendants, and a verdict should be given for those who prove their personal privilege, and judgment will be entered accordingly. The defendants in this suit are not sued as joint contractors upon their own contract; the contract was made by their ancestor. It is not at all within the principle that a joint contract must be proved because such a contract is declared on; 3 *Cowen,* 374; nor, according to the decision of the judge at the circuit, is this case in

principle like *Morton* v. *Croghan*, 20 *Johns. R.* 106. In that case Chief Justice Spencer says, "So where one of the defendants pleads matter which goes to his personal discharge in an action necessarily joint, as in assumpsit or debt, such as bankruptcy, that he was never executor, and, under the decisions of this court, infancy and such pleas as do not go to the action of the writ; in these cases a *nolle prosequi* may be entered as to one defendant; but when all the defendants are necessarily parties, *and the plaintiff was obliged to make them parties,* as in the proceedings against terre-tenants, a discontinuance as to some is a discontinuance as to all." In this case, in the opinion of the judge at the circuit, it was not necessary to make the children of Mrs. Cobb parties. According, therefore, to the decision just quoted, it was a case in which a *nolle prosequi* might have been entered. If those defendants were neither heirs nor devisees, they should not have been made parties; and having, in the opinion of the court, shewn a defence which did not go to the action of the writ, but was personal as to them and not affecting the other defendants, I can see no reason why a verdict might not have been taken in their favor.

[The judge then proceeds to take a view of the statute authorizing actions against *heirs and devisees,* and the effect of failing to prove the children of Mrs. Cobb to be heirs or devisees, after joining them as parties in the suit; but as the mode of proceeding in such cases is altered by the Revised Statutes from what it was formerly, it is deemed unnecessary to give the residue of the opinion pronounced in this case.]

, New trial granted.