Mr. Justice Thachek
delivered the opinion of the court.
This is a writ of error to the circuit court of Yalobusha county.
On the 16th day of February, 1841, the defendants in error sued out a scire facias to have execution on a judgment recovered in said court on the 11th day of September, 1838. The original judgment, upon which the scire facias issued, was ob- *595 lained against three individuals, composing a copartnership firm, of which the plaintiff in error constituted one. ' The process of scire facias was returned not served as to two of the defendants. There was a trial and verdict of a jury for the defendants in error against the plaintiff in error, upon an issue of payment.
Two errors are assigned. First, that the original judgment was erroneous, because of a defect in the service of the rvrit upon one of the defendants; and, secondly, because upon the trial of the scire facias the plaintiffs below dimissed the action upon the scire facias as to two of the defendants, who were also parties defendant to the original judgment.
The first point is not available under this proceeding as an error. The scire facias is a new. action, of which the original judgment constitutes merely the foundation. The inquiry now cannot reach back to the inspection of errors belonging to the original judgment. Such, if they existed, could only be corrected by a proceeding upon that judgment, through the means of a writ of error, or an appeal.
Upon the second point, it should be observed, that it is a rule, that where a judgment-creditor is desirous of reviving the judgment, he must make all the parties to the judgment parties to the scire facias, unless there be some obstacle that would excuse their joinder, upon the principles of the common law. The entry, then, of a nolle prosequi, as to any of the parties defendant, operates as a discontinuance as to all the defendants, because the action is against parties jointly bound. It is a discontinuance, technically so called, of the action. 20 J. R. 106, Executors of Morton v. Terre-tenants of Croghan. There are some exceptions to this rule respecting the effect of an entry of nolle prosequi. When defendants sever in their pleas, atfd one pleads some plea which goes to his personal discharge, and not to the action of the writ, the plaintiff may enter a nolle prosequi as to him, without affecting his remedy as to the others. 1 Saund. R. 207. . And so, where one pleads, or gives in evidence, a matter which is a bar to him only, and. of which the others cannot take advantage. 5 J. R. 160. 5 Wend. 228. *596 It is unnecessary, in this behalf, to extend the investigation further; but it may be useful to add, that the whole doctrine relative to the nature and extent of a nolle prosequi, with a collection of authorities, can be found in Salmon v. Smith, 1 Saund. R. 207, n. 2.
In the case before us, the act of the plaintiff below, in entering a nolle prosequi as to the two defendants who were not served with a process operated as a discontinuance of the whole action, and the question now arises, whether the verdict of the jury, and the judgment thereon, are cured by the statute of jeofails. H. & H. 591, s. 11. That statute declares that no judgment, after the verdict of twelve men, shall be reversed, for any mispleading, insufficient pleading, discontinuance, mis-joinder of issues, &c. By the term discontinuance, in law, is meant either a voluntary withdrawal of the suit by the plaintiff, or, where from some technical omission, mispleading and the like, the suit is regarded as out of court. Graham’s Practice, 603. The statute, having already employed the word “mis-pleading,” leads us to infer that by the term discontinuance is intended in the statute the voluntary withdrawal of the suit by the plaintiff. The discontinuance, in this instance, occurred as the effect and result of the entry of the nolle prosequi. It was the legal consequence of that act, and that act was the voluntary act of the withdrawal of the suit by the plaintiffs below. There was no exception taken, or application for judgment made by the defendant at the time of the entry, and, we think the error in the judgment is cured by the statute.

Judgment affirmed.