Williams *v.* Conrad.

———•••———

## WILLIAMS and others *vs.* CONRAD and others.

A testator, by his will, directed that all his real and personal estate should remain as it was at the time of his death, for the exclusive use of his wife and children who were under age and unmarried, and should be so managed by his executors as would accomplish two objects; first, the comfortable maintenance of his wife; and second, the comfortable maintenance of his children; that nothing consisting of the character of personal estate should be sold, unless under the greatest necessity, and then under the immediate direction of the executors; that the property, both real and personal, should be so kept, and the income so used, as might best subserve the objects above stated, as long as the testator's wife lived; and after her death the whole of his estate should be so occupied for the benefit of his children who were under age and unmarried, as might best promote the objects above mentioned; that after the children were of full age, and after the death of the wife, all the property should be sold, and the proceeds divided among the children, as the law directs. That if the widow should marry again she should have no right or claim to the estate, and should cease to be executrix, and be " cut off" from every portion of his estate. A legacy of $500 was given S. Conrad, to be paid to him after the death of the testator's wife, and after the testator's children should be of full age, " out of the moneys so realized out of the sale of my estate." There was no direct devise to the executors, nor any express trust, in words, created, in them.

Williams *v.* Conrad.

*Held,* 1. That after the payment of his debts, &c. the testator intended that all his property, real and personal, should remain and be kept undisposed of for the use of his wife and his children under age and unmarried, during the life of his wife, or until she should marry again.

2. That the testator also intended that all his property should be kept, and remain undisposed of, after the marriage or death of his widow, for the use of such of his children as should then be under age and unmarried.

3. That the testator intended his wife should use and receive, and apply, the rents and income of all the property to the support and maintenance of herself and children under age and unmarried, during her life, or until she married again; which was substantially a devise and bequest of all his property, real and personal, to her for such term, for that use and purpose.

4. That so far as such devise and bequest to the wife were for the benefit of the children under age and unmarried, they involved an express trust, which made her term inalienable during the minority of the unmarried children, or of an unmarried child; but that as such inalienability could not continue longer than her life, such devise, and bequest, and trust, was lawful and valid.

5. That the further trust after the death or marriage of the widow was not valid, as it might have suspended the absolute power of alienation, for a longer period than during the continuance of two lives. But that the invalidity of that trust did not affect the validity of the devise and bequest to the widow; and there was, therefore, by the will, a good and valid devise and bequest to the widow, for life.

6. That all the property, or the proceeds of its sale, should be divided or distributed, and the rights of all the parties declared, upon the theory that the will made no disposition of the property after the death of the widow, and that the same should be treated, and be divided and distributed among the heirs and next of kin of the testator, or those who had succeeded to their interest by purchase or otherwise, as an undisposed of reversion.

7. That the real estate of which the testator died seised vested, on his death, in all his surviving children, as his only heirs at law, subject to the devise thereof to his wife for the use of herself and of the children under age and unmarried, and subject to the implied power given to the surviving executor to sell, &c.; and that the rights and interests of all the parties claiming, by descent, purchase or otherwise, must be declared, and the proceeds of the sale, after the payment of the $500 legacy, must be distributed, upon the theory that it was so vested.

8. That the legacy of $500 to S. Conrad was vested, not contingent; that it did not lapse by the death of the legatee before the death of the widow; and that it must be paid out of the proceeds of the property, to the personal representatives of S. Conrad, &c., and the remainder of the proceeds must be distributed among the heirs and next of kin of the testator, and those claiming and entitled under and through them.

9. That there was no ground upon which the real estate could be considered as converted into money, from the death of the testator.

Williams *v.* Conrad.

The fact that a person appointed executor and trustee, by will, has not quali-
fied as executor, will not disqualify him for the execution of the power of
sale, given to him as trustee; *it seems.*

And so long as the trustee is willing to execute the power, the court will not,
in a suit to which he is not a party, appoint another person to execute the
power of sale.

ACTION for the construction of a will. Ephraim Conrad
died the 5th day of November, 1834, in the city of New
York, leaving a last will and testament duly executed, his
widow Mary Conrad, and eleven children; one, Mary Eliza-
beth, born after his decease. Of these children, all were mi-
nors at the time of his death, but three. He died seised and
possessed of both real and personal property. Mary Conrad,
the widow, died in 1857. Seven of the children died before
the widow, five of them leaving issue, and two without issue.
The four children of the testator surviving the widow, were of
the age of 21 years and upwards, at the time of her death.

*Charles Cheeney,* for the plaintiffs.

*W. L. Livingston,* for the defendant Mrs. Deming.

*G. C. & E. J. Genet,* for the heirs of Mrs. Hasler.

*Andrews, Colby & Thompson,* for Anna F. Conrad and
others.

SUTHERLAND, J. The plaintiffs, two of the surviving chil-
dren of Ephraim Conrad, the testator, by the complaint in
this action, ask for a judicial construction of his will, and to
have the rights and interests of the parties claiming the prop-
erty or proceeds of the property of which he died seised and
possessed, under his will or otherwise, adjudged and deter-
mined. The testator can hardly be said to have made any
disposition of his property by his will, in direct and apt words.
It is plain, however, that after the payment of his debts and
funeral expenses, he intended that all his property, real and
personal, should remain and be kept undisposed of for the use

of his wife and his children, under age and unmarried, during the life of his wife, or until she should marry again. The second article of the will is, " that all my real and personal estate shall remain as it is at the time of my death, for the exclusive use of my wife and children, who are under age and unmarried; and shall be so managed by my executors, hereafter named, as will accomplish two objects; first, the comfortable maintenance of my wife; and second, the comfortable maintenance of my children—great care being taken that my children's education be carefully attended to, so that they receive a good English education—of course this applies only to my young children under age and unmarried." By the 3d article the testator says, it is his will " that nothing consisting of the character of personal estate shall be sold, unless under the greatest necessity, and then under the immediate direction of my executors." It is plain, too, I think, that the testator intended that all his property should be kept, and remain undisposed of after the marriage or death of his widow, for the use of such of his children as should then be under age and unmarried. By the 4th article of the will he says, " It is my will that my property, both real and personal, shall be so kept, and the income so used, as may best subserve the objects above stated, as long as my wife lives; and after her death, the whole of my estate shall be so occupied for the benefit of my children, who are under age and unmarried, as may best promote the objects above mentioned." The 5th article is, " After my children are of full age, and after the death of my wife, it is my will and desire, that all my property shall be sold, and the proceeds divided among my children, as the law directs." By the 6th article he says, if his wife should marry again, it is his will that she shall have no right or claim whatsoever to his estate, and that she shall cease to be his executrix; and that the surrogate of the city and county of New York should appoint an executor in her place; and in such case, he " cuts her off " from any and every portion and benefit of his estate. By the 7th article, he gives a legacy of $500 to

Samuel Conrad, of Philadelphia, to be paid to him after the death of his wife, and after his children shall be of full age, " out of the moneys so realized out of the sale of my estate." By the 8th and last article, he appoints his wife executrix, and Charles O'Conor, Esq. executor. There being no direct devise to the executors, and no express trust, in words, created in them, it is probable the testator intended that his wife should use and receive, and apply, the rents and income of all the property to the support and maintenance of herself and children, under age and unmarried, during her life, or until she married again. This was substantially a devise and bequest of all his property, real and personal, to her for such term, for such use and purpose; for a devise of all the rents and profits of land for a certain term is equivalent to a devise of the land itself for such term.

So far as such devise and bequest to his wife were for the benefit of the children under age and unmarried, they involved an express trust, which made her term inalienable during the minority of the unmarried children, or of an unmarried child; but as such inalienability could not continue longer than her life, such devise, and bequest, and trust, was lawful and valid. (*Stewart* v. *McMartin,* 5 *Barb.* 438. *Haxtun* v. *Corse,* 2 *Barb. Ch. Rep.* 506.)

The intention of the testator as to the disposition and use of his property during the life of his wife, could be lawfully carried out, and it is presumed has been, for she never married again, and she used and occupied the property, and received the rents and income thereof, until her death.

As the widow never married again, and as all the children who survived her were of age when she died, it is quite immaterial whether the further trust after her death or marriage, probably intended for the benefit of the children who should be under age and unmarried at the time of the death or marriage, was or was not valid. But as that question was a good deal discussed on the argument of this case, I will say, that I think it plain that it was not valid; for as all of the children

Williams *v.* Conrad.

but three were minors, at the death of the testator, if valid, it might have suspended the absolute power of alienation for a longer period than during the continuance of two lives. If the widow had died, leaving two or more of the children surviving her, minors, they might severally have died before arriving at the age of twenty-one; or one or more of them might have died before the youngest arrived at the age of twenty-one, and thus, if the trust, probably intended for the benefit of minor and unmarried children, after the death of the widow, was valid, it might have suspended the absolute power of alienation beyond two lives. The widow and one or more of the children might have died, and yet the property, to fulfill the trust and the intention of the testator, might have been kept after their deaths undisposed of, until one or more of the children arrived at the age of twenty-one. (*Hawley* v. *James,* 16 *Wend.* 174. *Jennings* v. *Jennings,* 5 *Sandf., aff. by the Court of Appeals.*) But the invalidity of this trust, probably intended for the benefit of minor and unmarried children, after the death or marriage of the widow, did not affect the validity of the devise and bequest to the widow; and there was, therefore, by the will, a good and valid devise and bequest to the widow for life.

The only important practical question in this case is, who were entitled to the property, or the proceeds of the property, on the death of the widow? the four surviving children of the testator surviving their mother, under or by the will; or the heirs at law, and next of kin of the testator, on the theory that the only valid disposition made of the property by his will, except the $500 legacy to Samuel Conrad, was the devise and bequest of the same to his wife for life?

The plaintiffs insist that the four children who survived the widow are entitled to have all the property, or the proceeds of a sale of the property, divided equally between them, under and by force of the provisions of the will. Several of the defendants, grandchildren of the testator, whose parents died before the widow, insist that all the property, or the proceeds

of its sale, should be divided or distributed, and the rights of all the parties declared, upon the theory that the will makes no disposition of the property after the death of the widow, and that the same should be treated, and be divided and distributed among the heirs and next of kin of the testator, or those who may have succeeded to their interest by purchase or otherwise, as an undisposed of reversion. I think the latter is the correct view of the will, and of the rights of the parties, on the conceded facts of this case. There is in words no devise to the executors, as such, or as trustees. There is no duty or trust enjoined on the surviving executor, after the death of the widow, which makes it necessary to imply a devise to him. There is, in fact, no devise, disposition or limitation of the property or estate after the death of his wife, and after his children are of full age, except the $500 legacy. By the 5th article of the will, he says, it is his will and desire, after his children are of full age, and after the death of his wife, that all his property be sold, and the proceeds thereof equally divided among his children, share and share alike, in such manner as the law directs.

There is no express power given to Mr. O'Conor, the surviving executor, to sell and divide the proceeds; but the testator no doubt intended he should do so, and there is, therefore, an implied power given to him by the will to sell, &c.; but it is a mere power in trust, requiring no devise to him, or estate, or interest in him, for its execution.

The expression of the testator's will and devise, that the proceeds of the sale should be equally divided among his children, &c. as the law directs, is equivalent to a declaration that he did not desire or intend by his will to make any disposition or limitation of the proceeds in favor of any particular children or heirs, but that he did intend and desire such proceeds to be disposed of and distributed under the direction of the law. He does not say that he desires the proceeds to be divided among his children living at the time the property shall be sold, share and share alike; but among all his chil-

Williams *v.* Conrad.

dren then (at the time he made his will) living, without thinking that some of them might die, leaving issue, before the property was sold.   He desired the proceeds to be equally divided among his children, in such manner as the law directs. But the law does not direct the proceeds to be divided among the four children surviving the widow, but among the descendants of the testator, including grandchildren, &c.    If the four children surviving the widow are exclusively entitled to the proceeds of the sale beyond the $500 legacy, they are so entitled by the direction of the testator, and not of the law.

It is plain to me, that the real estate of which the testator died seised, vested on his death in all his surviving children, including the child born soon after his death, as his only heirs at law, subject to his devise thereof to his wife, for the use of herself and of the children under age and unmarried, and subject to the implied power given to the surviving executor to sell, &c. ; and the rights and interests of all the parties claiming by descent, purchase or otherwise, must be declared, and the proceeds of the sale, after the payment of the $500 legacy, must be distributed upon the theory that it is so vested.

The legacy of $500 to Samuel Conrad is vested—not contingent.   The payment of it was postponed until the sale of the property ; but it is payable, absolutely and certainly.    It did not lapse by the death of the legatee before the death of the widow.   The legacy must be paid out of the proceeds of the property to the personal representatives of Samuel Conrad, or to the person or persons having a right to it, from or under him, and the remainder of the proceeds must be distributed among the heirs and next of kin of the testator, and those claiming and entitled, under and through them.

There is no ground upon which the real estate can be considered as converted into money from the death of the testator.   Such conversion is not called for by the will, and would be inconsistent with the plain intention of the testator.    He

did not desire or intend his property to be sold until after the death of his widow, and after his children were all of full age.

Thus much as to the construction of the will, and the rights of the parties in and to the property and its proceeds.

The complaint asks that the property be sold by some suitable person to be appointed by the court, &c. As the case now stands, I do not think the court can appoint a person to execute the power of sale. From aught that appears, Mr. O'Conor is willing to execute it. The fact of his not having been qualified as executor, would not probably disqualify him for the execution of the power. He would probably have a right to execute the power, though he never qualified as executor. (*Judson* v. *Gibbons,* 5 *Wend.* 224.) There is no allegation in the complaint that he has refused to execute the power; and if there was, he is not a party. The plaintiffs can apply to Mr. O'Conor to execute the power; and if he refuses, or executes a disclaimer, they can amend their complaint by alleging such refusal or disclaimer, and by making him a party defendant. If he declines executing the power, he can forthwith put in an answer declining or disclaiming its execution, and the court can then appoint some suitable person to sell the property and distribute the proceeds, with power to act as receiver in the mean time. (*See King* v. *Donnelly,* 5 *Paige,* 47; *Id.* 559; 3 *R. S.* § 122, *5th ed.; Id.* 22, § 90.)

All other questions are reserved until the settlement of the decree declaring the construction of the will and the rights of the parties according to the principles above stated; which decree is to be settled on three days' notice.

[NEW YORK SPECIAL TERM, December 10, 1859, *Sutherland,* Justice.]