WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—November, 1879.

## GREEN *v.* GREEN.

*In the matter of the estate of* ANNA GREEN, *deceased.*

A., B. and C. were appointed executors of a will, and A. and B. were also appointed, therein, trustees of a fund, to pay the interest thereof to D. for life, with power to make advances to him out of the principal. A. alone qualified as executor. D. objected to A.'s acting as trustee, and the fund was, at D.'s request, held and managed by B., who paid D. the interest and part of the principal. Upon B.'s death, A. advanced, out of his own funds, money for the support of D. Upon a motion to compel A. to pay the interest of the fund to D., and to account, *Held*, that A., by accepting the office of executor, had not, under the circumstances of this case, assumed the duties of trustee; and having never received or intermeddled with the trust fund, he was not liable therefor to the beneficiary; that the payment by A., out of his own pocket, of money to D. for his support was immaterial.

The presumption of an acceptance of a trust, arising from the acceptance of the office of executor, may be overcome by proof that the trust was declined.

One may disclaim a trust as effectually by words or acts without deed, as by deed.

A trustee in a testamentary power may execute it, though he has not qualified as executor.

MOTION to compel trustee to pay interest of trust fund to beneficiary.

Anna Green died, leaving a last will and testament, which was admitted to probate in 1871, and in which Harvey Green, William Turk, and Helen A. Hyatt were

named executors and executrix. After directing the payment of her funeral charges and debts, she gave and bequeathed to said Harvey Green and William Turk, who were thereby appointed trustees for that purpose, the sum of $2,000, in trust, to invest and to pay the interest thereon to her son, Hackaliah B. Green, for life, with remainder to his children; with authority, however, to the trustees, to expend so much of the principal as they might think proper and necessary for the comfort of the *cestui que trust*. Harvey Green alone qualified and received letters testamentary, and is now cited to account and show cause why he should not pay the interest on the fund to the beneficiary for life. He filed a statement to the effect that he never had the fund or any part of it; that said Hackaliah B. Green objected to his acting as trustee or having the fund, and desired that it should be held and managed by Turk, the other trustee, who did accordingly receive and invest the same. The evidence substantially sustained the answer, and also showed that said Turk paid the interest, from time to time, to Hackaliah, and also so much of the principal as to reduce the fund to about $1,400; that said fund was received by Turk in the presence of Harvey Green, and in the absence of Hackaliah; that Turk died in February, 1878, having paid the interest to within two weeks of his death; that since his death Harvey Green has advanced, out of his own funds, money for the support of Hackaliah; that on a personal application being made by the latter to the former, in the spring of 1878, Harvey told him he had nothing to do with it. Harvey and Hackaliah are brothers, and Turk was a brother-in-law.

F. LARKIN, *for petitioner.*

C. FROST, *for executor Green.*

THE SURROGATE.—While it is true that where there is a special trust devolved upon the executor, the acceptance of the office of executor will be regarded as an acceptance of the accompanying trust (3 *Redf. on Wills,* 430, and cases cited), yet the presumption thus arising may be overcome by proof that he declined the trust. One may disclaim a trust as effectually by words or acts without deed, as by deed. (*Id.,* 528, citing Stacey *v.* Elph, 1 *Myl. & K.,* 199.) Aside from the fact that Harvey Green qualified as executor, there is no evidence that he ever entered upon the duties of trustee under the will, while the proof shows that he declined to, and never did act in that capacity. His brother, the *cestui que trust,* seems to have objected to his acting, and desired that the management of the fund should be intrusted to Turk, in whom he confided. The latter accordingly took it, and for aught that appears invested it properly, and paid over the interest, together with about one-fourth of the principal, during his life, to the petitioner. The latter can base no claim against this executor on the fact that he furnished him, since Turk's death, some means of support out of his private funds.

It is true Turk did not qualify as executor of the will, but that would not prevent him from executing the trust. A trustee in a testamentary power may execute it, though he has not qualified as executor. (Judson *v.* Gibbons, 5 *Wend.,* 224 ; Williams *v.* Conrad, 30 *Barb.,* 524.)

The fund, then, having passed into the hands of Turk,

according to the expressed wishes of the *cestui que trust,* who assumed the execution of the trust, and this executor never having acted as trustee, or received, or in any way intermeddled with it, the petitioner must resort to his remedy against the estate of Turk ; for he has none against this executor.

Application dismissed.