JACOB F. HUMBERT, RESPONDENT, v. JOHN WURSTER, APPELLANT.

*Executor—when he cannot transfer assets until letters have been issued to him —2 R. S., 71, § 16.*

Where it is apparent from the terms of a will, that the testator intended to invest his wife with the character of executrix thereof, though she is not expressly so named therein, she cannot, until letters of administration with the will annexed have been issued to her by the surrogate, transfer or sell any of the assets of the estate, unless such transfer or sale be necessary for the preservation of the estate, or to enable her to pay the funeral expenses.

This is so although by the terms of the will the wife is given "full power and control to lease or sell" the real or personal property.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought upon a due bill, which belonged to one Christian Kiblee in his lifetime. He died; leaving a last will and testament, which contained, among others, the following provision, viz.: "First, I give to my beloved wife, Fredrika Kiblee, full power and control to lease or sell, as she thinks best, for the benefit of my family, all my real estate and personal property during her lifetime." It also provided that after certain sums were paid, "the balance is to be divided equally among my children." No person was in terms designated *as executor*. The will was proven, but no letters testamentary, or letters of administration, with the will annexed, were *issued*. The widow undertook to transfer the due bill to the plaintiff, who claimed title through her transfer, and made proof of no other title upon the trial.

Proper objections and exceptions were taken to her title, and it was claimed that he was not the real party in interest, and was not entitled to maintain this action. These positions were overruled, and the case was at the Circuit disposed of upon other issues, which were not considered by the General Term.

*James S. Gibbs*, for the appellant.

*George Wing*, for the respondent.

HARDIN, J. :

It must be conceded that the intention of the testator to invest his wife with the character of executor may be fully implied from the terms of the will. (Willard on Ex., 186 ; *Exp. McDonnell,* 2 Bradf., 32 ; *Bayeaux* v. *Bayeaux,* 8 Paige, 333 ; *Hartnett* v. *Wandell,* 60 N. Y., 354.) And as she was not named in the will expressly as executrix, she might have been appointed administratrix with the will annexed, upon a proper application therefor to the surrogate.

Upon such an appointment having been made, she would have had the legal title to the personal property, and been authorized to sell it in the execution of her duties, and also in virtue of the power given to her in the testator's will. By section 6 of 2 Revised Statutes, 82, the due bill would pass as an asset to the hands of an administratrix. Prior to the Revised Statutes, an executor might, before probate, commence an action for injury, and an administrator only after letters of administration, and they related back to the time of the death. ( *Valentine* v. *Jackson,* 9 Wend., 302.) But the Revised Statutes (2 *R. S.,* 71, § 16), have changed the common law rule. That section provides " no executor named in a *will shall, before* letters testamentary are granted, have any power to dispose of any part of the estate of the testator, except to pay funeral expenses, *nor* to interfere with such estate in any manner further than is necessary for its preservation." This statute contains a limitation of the powers of an executor. (*Thomas* v. *Cameron,* 16 Wend., 579.)

It was not shown that the sale of the due bill was to enable the widow to pay the funeral expenses. It was not shown that the sale of the due bill was necessary for the preservation of the estate. The statute, therefore, if we assume that she was entitled to letters testamentary, restrained her disposition of the personal assets.

As a condition precedent to her right as executrix to sell, she should have taken out letters. We think she did not have the right to transfer the due bill. Consequently the plaintiff acquired no title thereto, and was not entitled to maintain an action upon it. (*Heidenheimer* v. *Wilson,* 31 Barb., 638 ; *Ogden* v. *Smith,* 2 Paige, 197.)

There is nothing in *Judson* v. *Gibbons* (5 Wend., 224) which aids the respondent, as that case arose before the Revised Statutes. Nor in *Newton* v. *Bronson* (13 N. Y., 593), as it was there assumed that a donee of a power might act under the power conferred by the will, provided he complied with conditions precedent by qualifying as executor; nor is he aided by *Dominick* v. *Michael* (4 Sandf., 401).

*Roome* v. *Phillips* (27 N. Y., 357), assumes that an administrator with the will annexed is not authorized to execute a power to sell lands conferred by the testator upon his executor, and in that respect adopts *Dominick* v. *Michael* (*supra*), and *Conklin* v. *Egerton* (21 Wend., 430).

*Taylor* v. *Morris* (1 N. Y., 341), is an authority that one who qualifies as executor may execute a naked power, though two others named as executors do not qualify or join in the execution of the power.

In *Bolton* v. *Jacks* (6 Robt., 228), JONES, J., intimates an opinion that a trustee, named as such and also as executor, may execute a naked power as to real estate, without qualifying as executor. He does not allude to the statute, forbidding an executor to interfere with the estate before letters testamentary are granted.

We do not regard that case as an authority adverse to the views we have expressed, as it was apparent the person named did not take the real estate as executor, but as the donee of a power in his character as trustee.

In the Special Term case of *Williams* v. *Conrad* (30 Barb., 530), no allusion is made to the statute, and the question here presented was not involved.

The judgment and order should be reversed, and a new trial ordered, with costs to abide the event.

TALCOTT, P. J., concurred; SMITH, J., not sitting.

Judgment and order reversed, and new trial ordered, costs to abide event.