Freedman, J.
The law, it is true, makes a distinction between the office of executor and that of a testamentary trustee. It is the duty of an executor, as such, to collect in the property, to pay the debts and general legacies, and to ascertain the residuum either for distribution or for the constitution of a trust fund. It is the duty of a trustee to deal with real property in trust, and to invest and manage the particular trust fund arising from personal property, when ascertained and set apart as such in accordance with the directions of the will. But where the same person is appointed executor and trustee, the probate of the will and acceptance of the executorship will be deemed an acceptance of the trust (Hanson v. Worthington, 12 Md. 418 ; Williams v. Conrad, 30 Barb. 524; Booth v. Booth, 1 Beav. 128; Williams n. Nixon, 2 Id. 472 ; Worth v. McAden, 1 Den. & Batt. Eq. 209 ; Judson v. Gibbons, 5 Wend. 226).
Such; at least, will be the case unless the office and duties of executor and trustee are só distinct from each other that the office of the one can be accepted and the other declined at the same time. In some States the trustee is required to give bonds, and if he -fails to do so he is deemed to have declined the trust. Under such circumstances, a different rule would obtain. But as a general rule the trust attaches to the office rather than to the person of the executor, and *24 it requires express words to establish an intention on the part of the testator that the trust should attach to the person of the executor rather than to the office.
Merely proving the will without doing anything more, is not sufficient to constitute a person an acting executor. But if the will clothe the executorship with special trusts, as when a testator directs that his executors shall get in certain outstanding effects to be applied to a particular purpose, a person cannot make himself executor by proving the will, and then exempt himself from the trusts expressly annexed to the office (Lewin on Trusts, 230; Mucklow v. Fuller, Jac. 198). And if an executor be also trustee of real estate he cannot desert the situation of trustee and accept only that of executor ; the acting as executor is an acceptance of the entire trusteeship.
Where a person is appointed trustee, and he does not intend to accept the trust, great care must be had that no action on his part in respect to the trust property may fix him with the trust. Any act which would render it doubtful whether or not he intended to act as trustee would be liable to be construed against him. A refusal or disclaimer vests the estate or trust in the accepting or continuing trustee or trustees, for trustees as well as executors hold as joint tenants. In Hew York, this is expressly provided for by statute. Therefore before one who has been named as trustee consents to do anything in respect to the trust, he should first, unless he intends to' accept the same, make his refusal to accept so clear and definite, that by no possibility can the trust vest in him. Where a trustee has so disclaimed that the trust has vested entirely in those who accept it, no act of his can after that divest the accepting trustees of the title.
On the other hand, when a party has once fixed himself as trustee by acts which amount to an implied acceptance of the trust, he cannot afterwards divest. *25 himself of that character by disclaimer or renunciation without the consent of cestuis que trust or the sanction of the court. To be available, a disclaimer must be made in such a way that it can be deemed to have been made at the time of the creation of the trust. For if the estate has actually vested in the trustee, he cannot divest himself of it by mere disclaimer (Reed v. Truelove, Ambl. 417; Stacy v. Elph, 1 Mylne & K. 195; Sheppard v. McEver, 4 Johns. Ch. 136; Crugar v. Halliday, 11 Paige, 314 ; Chapin v. Gwins, 1 Rice Eq. 133). There are exceptional cases, as Craig v. Craig (3 Barb. Ch. 76) ; Wood v. Brown (34 N. Y. 337), &c., in which it has been held that a trustee may resign as to certain particular trusts in a will, and another may be appointed therefor, and the original trustee remain as to the general trusts if' they are separable, and that a trustee may be removed as to some trusts and restrained as to others, but they are in harmony with the general rule stated.
So it may be conceded that at the time of the final accounting as executor pursuant to the statutes of this State, an executor may disclaim to act as trustee, and that wh ere such disclaimer is embodied in the surrogate’s decree, such executor is not liable thereafter by reason of any duty which otherwise would devolve upon him as trustee under the will.
In these exceptional cases relief is granted by the court upon special application for that purpose. In all other cases the trust conferred by the will can only be renounced by a disclaimer seasonably made as hereinbefore stated, and though it need not be in such form as to pass an estate in the property devised (Burritt v. Sillman, 13 N. Y. 93), it must nevertheless be clear and unequivocal.
In the case at bar the word “trustee” is not used in the will. The execution of the trust created by it was imposed upon the executrix and the executors named *26 therein. The trust, therefore, attached to their office and not merely to their persons, and they not only proved the will, but qualified and acted under it. They must therefore be deemed to have accepted the trust, and they are accountable for its due execution, unless they renounced by a disclaimer sufficient for that purpose, or were relieved by the court. There is no pretense that they were relieved by the consent of the eestuis que trust. Most of them, in fact, were not in a position to consent.
The defendant, Mary E. Earle, having failed to answer, the complaint stands confessed by her.
As to the defendant, William P. Earle, it is conceded that he filed no renunciation or disclaimer ; that no such fact is noted in the surrogate’s decree, and that he was not relieved by the sanction of any court. Nor can I find in the evidence anything which could be" taken as a renunciation or disclaimer, if the fact could be proved by circumstantial evidence. His mere supposition or belief, to which he testified, that after the accounting he was not bound to do anything more, is clearly insufficient, and the fact is, that in some instances he continued to act. He must therefore be deemed to have accepted the trust, if it were necessary to show such acceptance, and the trust did not belong to him as executor.
This being so, the defendant, William P. Earle, whether considered as trustee or executor, was bound to use such care and diligence for the preservation of the estate as prudent men in general employ in their own like affairs. True, a trustee, as a general rule, is not held responsible for any losses occurring in the-management of the trust property, so long as he acted in good faith in the exercise of a fair discretion, and in the same manner as he would ordinarily do in regard to his own property (2 Story Eq. 154, § 1272). It has also been held that each of several trustees is not bound *27 to take upon, himself the conduct of every part of the trust, and that where, according to the reasonable necessities of business, trust funds came into the hands of one trustee and a loss happened from the default of such trustee, the others were not liable, though for the sake of conformity they joined in the execution of a receipt or conveyance or other disposition of the trust estate. But this exemption from liability exists only when it is made to appear that the default of one occurred in spite of the exercise of the requisite care and diligence by those who seek immunity. The moment want of care and diligence is shown, which contributed to the loss, the case is taken out of the general rule and the liability attaches. It is the same in the case of executors. That in such a case executors are liable, has been held in Clarke v. Clarke (8 Paige, 153); Adair v. Brimmer (74 N. Y. 566); Croft, as Ex. &c., v. William (23 Hun, 102).
And that trustees are liable has also been repeatedly affirmed. Thus, in Townley v. Sherbourne (Bridg. 35), Lord Keeper Coventry, under the advice of the associate judges,- after deciding that a trustee was not liable for rents which had properly come into the hands of a co-trustee, and had not been paid over," said : “ but if, upon proofs or circumstances, the court should be satisfied that there had been any dolus malus or any evil practice, fraud or evil intent in him that permitted his companion to receive the whole profits, he should be charged, though he received nothing.”
So where two trustees, with power of sale, had conveyed the estate to the purchaser and had both signed the receipt for the money, yet one of them only had received it, and years thereafter died without having accounted for the money, and it was proved that his co-trustee was cognizant of the misemployment of the fund, but took no active measures to recover it, the court held that he had been guilty of a breach of trust *28 and was answerable because, as soon as a trustee is fixed with a knowledge that his co-trustee is misapplying the money, a duty is imposed upon him to bring it back into joint custody of those who ought to take better care of it (Brice v. Stokes, 11 Ves. 319 ; Williams v. Nixon 2 Beav. 475 ; Booth v. Booth, 1 Id. 125). For a trustee is bound to manage and employ the trust property for the benefit of the cestui que trust with the care and diligence of a' provident owner (Hutchinson v. Lord, 1 Wis. 286; Higgins v. Whitson, 20 Barb. 141; Story Eq. § 1275 ; Oliver v. Court, 8 Price, 127).
The defendant, William P. Earle, was bound, therefore, to manage and invest the trust estate according to the directions of the will and of the decree of the surrogate, made in accordance therewith, for the benefit of the beneficiaries under the will, and to look after the investments, with the care and diligence of a provident owner. By the surrogate’s decree, made upon his petition for an accounting, he was adjudged to be in the possession and control of the trust estate, but he neglected to take actual possession and allowed Morris D. Earle and James Earle to do as they pleased. If he employed them, he is liable for their acts, for a trustee or executor cannot delegate his powers. If he did not employ them he is liable, because he did nothing to protect the estate against mismanagement. Even if he had transferred the whole trust estate to the executrix, Mary E. Earle, who was wholly inexperienced in business matters in his knowledge, and Morris D. Earle had acted under her special direction and with her approval in every instance, of which there is no proof, the defendant, William P. Earle, under the decision in Clarke v. Clarke (8 Paige, 153), would still be liable for waste which the exercise of the requisite care and diligence on his part conld have prevented. At least, the liability would attach in favor of such of the beneficiaries under the will as are not estopped by *29 reason of their participation in or approval of the mismanagement, from insisting upon it, and in the case of the plaintiff, and the defendants, Ellen F. Flagg, Charles Earle and John Jar dine, as administrator of Mary E. Jardine, deceased, who have joined in the plaintiff’s prayer for relief, it is clear that no such estoppel exists.
Unless, therefore, Charles B. Dodd is such a necessary party to this action that without his presence the relief prayed for cannot be granted, the plaintiff and the three defendants named are entitled to the accounting sought, both as to the fund of $106,702.95, and the fund of $74,741.09, for they have an interest in both, though a different one in each.
Upon this point the evidence shows that Charles B. Dodd, at the time of the decease of the testator, was a resident of Hartford, Conn.; that shortly thereafter he came to the city of Hew York, and took part in the administration of ■ the estate ; that shortly after the executors, accounting and the decree of the surrogate made therein, he returned to Hartford ; that almost immediately thereafter, and on or about May 31,1861, by reason of his removal from the State, the surrogate of Hew York, on the ápplication of Morris D. Earle, made an order by which the letters testamentary to the said Charles B. Dodd were superseded and his authority and right to act as executor revoked, without prejudice, however, to the rights of the defendants, William P. Earle and Mary E. Earle, as continuing executor and executrix, and that from that time Charles B. Dodd wholly ceased to act in any character whatever. Under these circumstances and the trusts created by the will being attached to the office of the executors, as already shown, Charles B. Dodd may be deemed, upon the revocation of the letters to him, to have renounced the said trusts, and his discharge, by the court as trustee was not necessary, but the whole trust estate became *30 vested in the defendants, William P. Earle and Mary E. Earle as continuing executor and executrix (In the Matter of Bull, 31 How. Pr. 69 ; Beekman v. Bonser, 23 N. Y. 298 ; In re Stevenson, 3 Paige, 420).
John M. Martin and F. N. Bangs, for appellant.
John H. Glover, for respondent.
Carlisle Norwood, Jr., for defendant Jardine, administrator.
Richard L. Sweezy, for defendant, Ellen F. Flagg.
Henry S. Glover, for defendant, Charles Earle.
Moreover, it affirmatively appears, and it is conceded, that up to the time of the revocation of the letters of Dodd there was no loss ; that none subsequently occurred by reason of investments made prior to that time; that, so far as he had participated in making investments, he had been careful and diligent, and that while he had discharged his duties, he had discharged them faithfully. Moreover, the revocation of the letters to him seems to have been considered by all parties as a termination of his right to act in any capacity. Upon the whole case, therefore, and the liability of executors and trustees, based upon a breach of duty or trust, being a joint and several one, Charles B. Dodd is not a necessary party to this action.
There must be judgment directing the defendants, William P. Earle and Mary E. Earle, to account in the manner, to the extent, and upon the principles set forth in my findings of fact and conclusions of law.
Per. Curiam.—Judgment affirmed with costs, on opinion of Judge Freedmax at- special term.