## SECOND DEPARTMENT, JANUARY, 1940.
### (January 2, 1940.)

HELEN A. TROY, Respondent, v. THE NEW YORK TRUST COMPANY, Individually and as Testamentary Trustee under the Last Will and Testament of HENRY L. WOLFF, Deceased, Appellant.

In an action at law, brought by plaintiff, a *cestui* of a trust of which the defendant is the alleged trustee, to recover damages sustained by reason of the negligence of the defendant in failing to reduce to possession for the purposes of administration the trust corpus, order denying defendant's motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion.

Lazansky, P. J., Carswell, Taylor and Close, JJ., concur; Hagarty, J., dissents and votes to reverse the order and to grant the motion with opinion.

HAGARTY, J. (dissenting). In the first cause of action set forth in the complaint it is alleged that the defendant duly qualified and acted, and is still acting, as testamentary trustee of a trust set up in a last will and testament and codicil executed by one Henry L. Wolff, who died on the 27th day of July, 1919, and duly admitted to probate in the Surrogate's Court of New York county on the 5th day of August, 1919, under the terms of which the corpus of $10,000 was to go the plaintiff when she attained the age of thirty years. It is alleged that she attained that age on the 5th day of July, 1935, and, despite demand made of the defendant as testamentary trustee, payment of the legacy has been refused. A second cause of action reiterates these allegations, and further alleges that defendant was negligent in its duties as testamentary trustee in failing to collect the corpus from the executrix of the estate.

If, as plaintiff alleges, the defendant has qualified and is acting as trustee, its negligence in failing to assemble the assets comprising the trust fund and failure to pay the corpus thereof should be determined in the Surrogate's Court of New York county, wherein the will and codicil were admitted to probate, and in which court control of the conduct of the trustee and settlement of its accounts is vested by law. (Surr. Ct. Act, § 40, subd. 3.) It is well settled that the Supreme Court will decline to exercise jurisdiction where the Surrogate's Court has concurrent jurisdiction and the matter comes within the latter's specialized province. (*Matter of Runk* v. *Thomas*, 200 N. Y. 447, 461; *Lawrence* v. *Littlefield*, 215 id. 561; *Sanders* v. *Soutter*, 126 id. 193; *Schmidt* v. *King*, 247 id. 578, 579; *Matter of Smith*, 120 App. Div. 199.) This doctrine and the reasoning with respect thereto exist independently of the provisions of section 190-a of the Civil Practice Act, where, as here, the appropriate and direct remedy may be applied upon settlement of the trustee's accounts. The application of this doctrine may be enforced upon motion made for summary judgment. (*Noll* v. *Ruprecht*, 256 App. Div. 926; *Moore* v. *De Groote*, 158 id. 828.)

Furthermore, the proof adduced in support of the motion establishes that defendant not only failed to qualify as trustee, but never acted as such. It is true that the defendant waived service of citation of the application to admit the will and codicil to probate and that thereafter, and on or about the 26th day of September, 1924, it inquired of the executrix as to when she would be prepared to turn over to it the monies constituting the trusts set forth in the will and codicil. There was, however, no acceptance of the trust as such, no filing of an oath of office (Surr. Ct. Act, § 167), and no attempt to perform any of the duties of a trustee. In all the authorities cited by the respondent there was either a formal acceptance or actual assumption of duty. (See *Shepherd* v. *McEvers*, 4 Johns. Ch. 136; *Brennan* v. *Willson*, 71 N. Y. 502; *Earle* v. *Earle*, 16 J. & S. 18; 93 N. Y. 104, as cited in *Matter of Kellogg*, 214 id. 460, 466.)

I do not wish to be understood as intimating that plaintiff is remediless. As to the merits of a cause of action charging defendant with negligence in failing to accept or renounce the trusteeship within a reasonable time, and with leading plaintiff to believe that it had accepted, to her damage, no opinion need now be expressed. Even were it possible to construe the second cause of action as so alleging, the complaint is insufficient. It must not be overlooked that defendant's negligence, if any, is of a secondary or contingent nature. The primary negligence would seem to be that of the executrix in dissipating the corpus, if such indeed is the fact. There is no allegation in the complaint, however, that the corpus has been dissipated and, for aught that we know, the executrix may be prepared to

pay it on demand. Until there has been an accounting by the executrix and a decision made with respect thereto, it cannot be determined whether or not the negligence attributed to the defendant is actionable.

I dissent and vote to reverse the order denying defendant's motion for summary judgment and dismissal of the complaint and to grant the motion.