Trow agt. Shannon.

---

## SUPREME COURT.

JOSEPH TROW, trustee under the will of CHARLES R. LOHMAN, deceased, agt. CARRIE S. SHANNON, individually, and as administratrix with the will annexed, and others.

*Executors — their renunciation after letters issued — its effect — executors as trustees.*

Where one of two executors, after letters testamentary were issued to both, petitioned the surrogate that the letters testamentary issued to him might be revoked, for reasons assigned by him, and that he be discharged from his office as executor, and such petition was granted by a decretal order of the surrogate, but in such form as not to affect the letters testamentary granted to the other executor, and the executor so discharged, afterwards, and by an instrument in writing, executed and acknowledged by him, in pursuance of the order of the surrogate, formally renounced and resigned his office as executor, and when afterwards, upon the death of the surviving executor, letters " *de bonis non,*" with the will of the testator annexed, were issued to a third person by the surrogate :

*Held,* that upon such facts the executor so released and discharged, there being no unexecuted trust under the will remaining in him, had no standing to maintain an action for the construction of the will, and this, although he was a legatee under the will, especially when it appeared that he had assigned all his interest in the legacy.

Trow agt. Shannon.

Where an executor, upon his own petition, has been released from his office as executor, and has formally renounced, he cannot, after letters *"de bonis non,"* with the will annexed, have been, by the surrogate, issued to another, retract his renunciation and seek to be restored (*Robertson* agt. *McGeoch,* 11 *Paige,* 640).

Executors as trustees, the question considered.

*Special Term, December,* 1878.

ACTION for the construction of the will of Charles R. Lohman, deceased.

*Justus Palmer,* for plaintiff.

*Orlando L. Stewart,* for defendants

VAN VORST, *J.*— This action is brought for the construction of the last will and testament of Charles R. Lohman, deceased.

The testator by his will appointed the plaintiff executor and his wife, Ann Lohman, executrix thereof. The testator died in January, 1877.

The will, which disposed of both real and personal estate, was admitted to probate and letters testamentary were issued to the executor and executrix.

Afterwards, and on the 24th day of April, 1877, upon the petition of the plaintiff to the surrogate of the county of New York, in which the petitioner, for the reasons assigned in said petition, asked that the letters testamentary issued to him might be revoked and he be discharged from his office as executor, the surrogate made a decretal order by which he revoked the letters testamentary, in so far as they affected the plaintiff and his office as executor under the will, and he was released and discharged from them.

The decree of the surrogate was made in such form as that the letters testamentary granted to the executrix and her rights thereunder were not affected.

Afterwards the plaintiff, by an instrument in writing exe-

cuted by him and acknowledged in pursuance of the order of the surrogate, formally renounced and resigned his office as executor under the will and all right thereto.

Ann Lohman, the executrix, died on the 31st day of March, 1878, and letters *de bonis non*, with the will of Charles R. Lohman, deceased, annexed, were afterwards issued by the surrogate of New York to the defendant, Carrie S. Shannon.

It appears to me that upon this statement it is quite clear that the plaintiff stands in no such relation to the will, or the estate devised and bequeathed thereunder, as to entitle him to maintain this action. He has no interest, direct or indirect, in the subject-matter.

He is, it is true, a legatee under the will, but that would give him no right to institute this suit in equity. As a legatee his claim for his legacy is legal and not equitable.

But even as to the legacy he has no claim, for the reason that he parted, by assignment to Mrs. Lohman in her lifetime, with his interest in the same.

The plaintiff claims, however, that there are trusts created by the will, the execution of which are cast upon him thereby, and that as such trustee he may bring this action.

I cannot find from an examination of the will that there is any remaining unexecuted trust in him, or that he is under any duty to any person interested in the estate under the will.

By the will the whole estate, real and personal, was devised and bequeathed by the testator to his wife, Ann Lohman. By subsequent provisions of the will legacies were given to some and payments directed to be made to others out of the testator's estate.

Mrs. Lohman, in whom the whole legal estate was vested by the will, undoubtedly took the same subject to the payment of these legacies and the sums payable thereout.

The plaintiff was not by the will constituted a trustee. He was not charged, by the terms of the will, in any way or manner with the duty of trustee, except as such trust was involved in his office of executor.

Executors in one sense are trustees. They succeed to the personal estate for the purpose of administration, and in relation to that they are, doubtless, accountable as trustees.

They have no duty with respect to the real estate, and the property in this case was chiefly real.

But the relation of the plaintiff as executor was ended before the death of Mrs. Lohman, and with the termination of his office the duties growing out of the office from that time ended.

It is not before me to inquire whether the order made by the surrogate revoking the letters granted to him was proper or authorized. It was made on plaintiff's own application, and as to any affirmative action taken by the plaintiff the order of the surrogate, so long as it remains in force, is a complete answer.

The plaintiff's counsel suggests, however, that the plaintiff may retract his renunciation and ask to be restored. It is sufficient to say that he has not, up to this time, done so, and that he has not been reinstated.

But he cannot now retract. His place has been filled. It is too late to retract after letters of administration, with the will annexed, has been issued to another (*Robertson* agt. *McGeoch*, 11 *Paige*, 640).

It is not necessary to determine whether or not the administrator, with the will annexed, can execute any trust imposed upon Mrs. Lohman by the will, if any such trust be created.

If there be a trust unexecuted and the office of trustee be really vacant, the plaintiff because he was named as executor, the office of which he has resigned, does not succeed to it but it will devolve upon the court to appoint a trustee.

There is ample authority for the conclusion that the plaintiff cannot maintain this action (*Bowers* agt. *Smith*, 10 *Paige*, 193; *Bailey* agt. *Briggs*, 56 *N. Y.*, 407; *Stinde* agt. *Ridgway*, 55 *How. P. R.*, 301; *Chipman* agt. *Montgomery*, 63 *N. Y.*, 221).

The complaint must be dismissed, with costs.