## PROVIDENCE COUNTY.

JOSEPH BELCHER, appellant, *vs.* MARIETTA BRANCH *et als.*

Testamentary disposition as follows, the estate being for the most part realty : "I give, devise, and bequeath all the rents, profits, dividends, or income of my estate, real or personal, to my six sons, or to those who represent them legally ; to wit, William L., Stephen H., Albert S., deceased, Thomas W., Henry E., and Edwin L., until the decease of the last of my said sons aforesaid, to be divided equally among them, or those who legally represent them, the representatives taking the portion only of him they represent. At the decease of the last of my said sons as aforesaid, I give, devise, and bequeath all my estate, both real, personal, or mixed, to all my grandchildren, to be equally divided among them, their heirs, and assigns forever, in fee simple. I direct my executor, hereinafter named, to pay all my just debts and necessary expenses out of the property aforesaid, and to pay all taxes and repairs which are absolutely necessary, and to divide the rents, profits, and income of the real and personal property as aforesaid. I hereby appoint my eldest son, William L. Branch, my executor."

*Held,* to constitute a trust of the realty and personalty.

*Query,* whether the legal title of the realty vested in the executor.

The executor having died and an administrator *de bonis non* with will annexed succeeding him : —

*Held,* that this administrator did not have the powers over the realty given to the executor by the will.

*Held,* further, that this administrator having exercised these powers, with the assent of the *cestuis que trust,* was not accountable to the Probate Court for the rents, &c., received.

*Held,* further, that this administrator could not use personalty to repair realty.

An administrator succeeding an executor takes only the powers inherent in the executor's office. Special powers given the executor do not go to such an administrator, unless the will explicitly or implicitly continues them to such administrator.

The administrator being removed pending an appeal and a new one appointed ; the court held that it would confine its consideration on the appeal to the account appealed from, as it was when presented for settlement.

The account presented not being a final one, the court refused to allow interest for the time after its presentment, or after the period covered by it, such interest being a matter for subsequent accounting.

Sureties on the bond of an executor or an administrator may appeal from the decree of a Probate Court, fixing the balance due to the estate of the testator or intestate.

APPEAL from the Probate Court of Providence. The facts are stated in the opinion of the court.

*August* 4, 1875. DURFEE, C. J. This is an appeal from a decree of the Municipal Court of the City of Providence settling the account of Edwin L. Branch, as administrator *de bonis non* with the will annexed of the estate of Stephen Branch. The appellant is surviving surety on the administrator's bond. His

right to appeal is not disputed, and, we think, cannot be success-
fully disputed.    The decree finds the balance for which the
surety is bound, and therefore the surety is aggrieved if the bal-
ance found exceeds the proper amount.  *Farrar* v. *Parker*, 3
Allen, 556 ; *Curtis* v. *Bailey*, 1 Pick. 198 ; *Garber* v. *The Com-
monwealth*, 7 Pa. St. 265 ; *Stovall* v. *Banks*, 10 Wall. 583.

The administrator was appointed October 4, 1859.    He ren-
dered an inventory October 11, 1859, showing the receipt of
$1,745.   He afterwards settled nine accounts, the ninth being set-
tled October 13, 1868, showing the balance of $1,745 still in
his hands, the income thereof, less expenses, having been divided
among the legatees under the will.   He rendered the account
now before us October 15, 1872.   It shows a balance in his
hands of only $1,395.   The income only has been divided out,
but the administrator has used $500 of the fund in repairs on
real estate devised by the will.   He has since replaced $150
out of the rents of the real estate.   The balance stands $1,745—
500+150=1395.   The appellees contest the right of the admin-
istrator to use any part of the moneys in his hands in repairs
on the real estate.   They also dispute certain items of his account
relating mainly to his dealings with the real estate, the charge of
which he assumed when he became administrator, renting it for
the devisees and accounting therefor in his administration ac-
counts.   The result of the contest in the Municipal Court [1] has
been a balance found against him of $2,268.49.

Two questions arise, namely : 1st. Had the administrator a right
to use any part of the moneys in his hands in repairs on the
real estate ?   2d. Is he chargeable in his administration account
for his dealings with the real estate ?   The appellant claims that
he had a right to use the moneys for repairs under the will.   The
appellees claim that he is chargeable as administrator for his
dealings with the real estate under the will.   The will is as fol-
lows, viz. :

" I Stephen Branch of Providence in the County of Prov-
idence State of Rhode Island &c. do ordain and make this my
last will and testament   As my property is principally in real
estate my wife's right of dower will be a suitable portion for her

---

[1] This court has probate jurisdiction in Providence.

of my estate   I give devise and bequeath all the rents profits dividends or income of my estate real or personal to my six sons or to those who represent them legally to wit William L. Stephen H. Albert S. deceased Thomas W. Henry E. and Edwin L. until the decease of the last of my said sons aforesaid to be divided equally among them or those who legally represent them the representatives taking the portion only of him they represent   At the decease of the last of my said sons as aforesaid I give devise and bequeath all my estate both real personal or mixed to all my grandchildren, to be equally divided among them their heirs and assigns forever in fee simple   I direct my executor hereinafter named to pay all my just debts and necessary expenses out of the property aforesaid and to pay all taxes and repairs which are absolutely necessary and to divide the rents profits and income of the real and personal property as aforesaid   I hereby appoint my eldest son William L. Branch my executor.

" In testimony whereof, I have hereunto set my hand and acknowledged this as my last will and testament, at Providence, this second day of May A. D. one thousand eight hundred and forty-five (1845)."

The will manifestly charges the executor with the care of both real and personal estate so long as either of his sons survives. In fact it creates a trust of the real and personal estate, though it may be questioned whether the executor takes the legal title of the real estate or anything more than a power over it.   The point is made by the appellant that the estate must be considered as having been fully administered, and that the balance, in the hands of the administrator, is to be regarded as in his hands not as administrator but as trustee under the will.   We are not of that opinion.   There can be no claim that the executor, during his lifetime, had fully administered ; for, if he had, the administrator *de bonis non* could not properly have been appointed. The moneys received by the administrator were therefore received by him as administrator, and there is no evidence of any change of the capacity in which he has held them.   Indeed it is only as administrator that he succeeds the executor, and the moment he ceases to be administrator, he ceases to fill any trust under the will by virtue of his appointment as such, the Municipal Court being powerless to authorize him to act as trustee

in any other capacity. We think, therefore, that, so far as the personal estate is concerned, he is liable as administrator. And see *Prior, Executor*, v. *Talbot et al.* 10 Cush. 1.

Did he succeed the executor with respect to the real as well as the personal estate ? If he did not, he cannot be required to account in the Municipal Court for his dealings with the real estate. Certainly if the effect of the will is to make the executor trustee, and vest in him the legal title of the real estate during the continuance of the trust, it cannot be claimed that an administrator *de bonis non* with the will annexed would, by virtue of his appointment as such, succeed to the trust. But supposing the will does not have this effect, but only clothes the executor with certain powers over the real estate, would an administrator appointed to succeed to the office likewise succeed, by virtue of his appointment, to the powers ? We think not. Ordinarily an administrator, who is appointed to succeed an executor, takes only the powers inherent in the office. A power over real estate is not inherent in the office. The executor has no power over the real estate unless it is given him by the will, and the administrator *cum testamento annexo*, independent of any statute, has no such power as successor to the executor, even where the power is given by the will to the executor, unless the power is either expressly or by implication extended to him by the terms of the will. *Conklin* v. *Egerton's Adm'r*, 21 Wend. 430 ; *Egerton's Adm'r* v. *Conklin*, 25 Wend. 224; *Gilchrist, Adm'r*, v. *Rea*, 9 Paige, 66 ; *Wills* v. *Cowper et al.* 2 Ohio, 124; *Ross* v. *Barclay*, 18 Pa. St. 179 ; *Lucas* v. *Doe ex dem. Price*, 4 Ala. 679. And see *Brown* v. *Hobson*, 3 A. K. Mar. 380; *Justices of Mason Co.* v. *Lee*, 1 T. B. Mon. 247 ; *Tainter* v. *Clark*, 13 Met. 220. In the case at bar the power or trust is conferred on the executor not under a simple official designation, but on " my executor, hereinafter named," the person named being an " eldest son," and we do not find in the will any satisfactory indication of an intent on the part of the testator to annex the power or trust to the office, so that an administrator in taking the office must needs take the power or trust as incident to it.

The counsel for the appellees claims that the administrator, having received the rents of the real estate, is chargeable with

them in his account.  He cites numerous cases in support of
this claim.  We think, however, it will be found that the cases
cited are, for the most part, cases in which moneys derived from
the sale or lease of real estate were received by an executor or
administrator as assets belonging to the estate.  In the case at
bar the rents were received in pursuance of a special trust, which
the administrator had assumed to execute, without authority
other than the acquiescence of the *cestuis que trust.*  He may be
accountable for the rents so received, but we do not think he is
accountable for them in the Probate Court.  The Probate Court
is not authorized, and under the constitution cannot be au-
thorized, to exercise chancery jurisdiction.  *Goodrich* v. *Thomp-
son,* 4 Day, 215 ; *M'Coy* v. *Scott,* 2 Rawle, 222.

Our conclusion is, that any part of the balance found by the
Municipal Court against the administrator, which accrued by
reason of his receipt of rents of the real estate, must be stricken
out.

The appellant contends that the balance should be still further
reduced by a credit of the moneys expended by the administra-
tor in repairs upon the real estate and not yet restored.  We do
not think the administrator was authorized to use the personal
estate in repairing the real.  *Byrd* v. *Miller,* 2 Mo. 102.  Even
if the executor had such a power under the will, the administra-
tor did not succeed to it.  The balance against him will not be
reduced by any such credit.

The administrator is, in our opinion, still chargeable with the
original balance of $1,745.  He is also chargeable with any in-
terest or income of the personal estate received by him and not
divided, and he should be required, not only to restore the mon-
eys withdrawn for repairs upon the real estate, being part of the
balance of $1,745, but also to make good any loss of interest
or income resulting from their withdrawal.  The account should
be revised and the balance struck in accordance with those views.

After the foregoing opinion was delivered, and before any
decree was entered thereon, the appellant was further heard,
and thereupon submitted testimony to show that a large part of
the balance of $1,745, declared to be due to the estate, was on
deposit in three different savings banks in the name of Edwin

L. Branch, administrator, and, it appearing that Edwin L. Branch had been removed from his office since presenting his account, and a new administrator appointed in his place, the appellant contended that the deposits having passed into the control of the new administrator, the amount thereof should be credited to the old administrator, and the balance against him reduced to that extent. The appellees contended that the old administrator was not entitled to the credit, inasmuch as it appeared by the testimony offered that, previous to his removal, he had pledged or hypothecated the deposit books for his individual account.

*July* 22, 1876. PER CURIAM. The court are of the opinion that, in the case now before them, they have only to ascertain the state of the account between the late administrator and the estate as it existed when the account was presented for settlement, and that, consequently, they cannot take notice of the fact (if it be a fact), that a part of the moneys with which the late administrator was then chargeable has since then passed into the hands or control of the new administrator.

The appellees claimed to charge the late administrator with interest on the balance of $1,745 from the presentation of the account to the entering of the decree in the Supreme Court. But the court were of the opinion that, inasmuch as the account was not a final account, or an account bringing the transactions of the late administrator with the estate to a close, the late administrator should not be charged with interest in the account after its presentment, or after the period to which it extended, and that any interest for which he was subsequently chargeable was a matter for subsequent accounting or for some other subsequent proceeding. The claim of the appellees upon this point was consequently denied.                    *Decree accordingly.*

James G. *Markland*, for appellant.
James *Tillinghast*, for appellees.