GORHAM P. POMROY *et al. vs.* JOSEPH W. LEWIS *et als.*

A testator nominated an executor and conferred on him powers and duties which do not belong to an executor, but which are appropriate to a trustee.

*Held,* in the circumstances, that it was not the testator's intent to annex the powers and duties to the office of executor.

*Held,* further, that a refusal of the nominated executor to qualify as executor was not a refusal to accept the trusts which were consequently to be executed by him.

BILL IN EQUITY to construe a will. The facts are stated in the opinion of the court.

*January* 26, 1884. MATTESON, J. This is a bill to obtain a decree, declarative of the rights of the complainant Pomroy, under the last will and testament of Chace Lewis, late of Providence, deceased.

The material portions of the will are the following:

" *Second.* . . . and I hereby direct that my executor hereinafter named shall invest the sum of twelve thousand dollars in

such manner as he shall deem safe, and that he shall pay all the interest or income derived from such investments to my said wife during her natural life.

" *Third.* Upon the death of my said wife my will is that the said twelve thousand dollars be kept invested or reinvested by my said executor, and should my said wife die before my grand children Joseph W. and Frank H. Lewis arrive at the age of twenty one years, then the interest and income of said twelve thousand dollars shall be invested, and all accumulations from the investments and the interest and income shall be added to the said sum of twelve thousand dollars until said grand children shall arrive at the age of twenty one years, when my said executor shall pay over the interest or income of such accumulated sums to my said grand children in equal proportion; but upon their, or either of them, arriving at the age of twenty five years, then my will is that my executor pay to my said grand children the whole of said moneys in equal proportion. In case of the death of one of my said grand children before either of them reach the age of twenty five years without leaving issue, then upon the other arriving at said age of twenty five shall receive the whole of said sum; if either of my said grand children shall die before reaching the age of twenty five years leaving issue, then such issue shall receive the share or proportion that would have gone to his father had such father lived to attain the age of twenty five years.

" *Fourth.* Subject to the life estate above created, I give, devise, and bequeath to my executor hereinafter named my said homestead estate No. 206 Clifford Street, and the lot on the corner of Plane and Clifford streets, in said city, said lot being partly occupied, but for the purpose hereinafter named; that my said executor shall manage and control said property, and pay the net income of the same in equal proportions to my said grand children when my said grand children shall arrive at the age of twenty one years respectively, and upon either of my said grand children arriving at the age of twenty five years my said executor shall convey the one half part of said real estate to such grand child, his heirs, and assigns, and shall convey the other one half part and all that remains in his hands at the time of the first conveyance to the other of said grand children, his heirs, and assigns forever;

should neither of my said grand children live until twenty five years of age but shall leave issue, then at such time as said grand child so dying would if he had lived have reached the said age of twenty five years, my said executor shall convey to such issue the share of said grand child. My said executor is hereby authorized to lease or to sell the estate on Binney Street in said city, and to lease the estate on Clifford and Plane streets for such terms of years, less than such time as my said grand children shall arrive at the age of twenty five, as he may deem proper. . . .

"*Eleventh.* I hereby authorize and direct my executor, in his discretion, to pay to my said grand children the sum of one hundred dollars each, or such part thereof as he may judge best, in each and every year.

"*Twelfth.* In case both of my said grand children shall die before reaching the age of twenty five years leaving no issue, then and in that event I give, devise, and bequeath all the property of which I may die seized and possessed, except such devises and bequests I have made to others, " to the several institutions hereinbefore named, and in proportion to the bequests " herein made.

"*Thirteenth.* I give, devise, and bequeath unto my said grand children, their heirs, and assigns all the rest and residue of all the property real and personal of which I may die seized and possessed, when said grand children shall arrive at the age of twenty five years, and the interest and income thereof to be paid them when they shall arrive at the age of twenty one years.

"*Lastly.* I nominate and appoint Gorham P. Pomroy executor of this my last will and testament, and do hereby order and request that he my said executor shall not give, or be required to give, bonds to an amount greater than five thousand dollars." . . .

It is evident that the clauses of the will above quoted create a trust, and that the person charged with the execution of the trust, though named only as executor, and nowhere mentioned as trustee, is, nevertheless, in legal contemplation, a trustee.

In *Sheet's Estate*, 52 Pa. St. 257, 258, it is said one may be made a trustee without calling him such. We are to look, not at the title given, but at the powers conferred and duties imposed. In *Anck's Estate*, 11 Philadelphia, 118, it was held that property may be devised to an executor so that he will be held to be also a

trustee, although he may not be named trustee in the will. And see, also, *Parker's Appeal*, 61 Pa. St. 478, 484 ; *Belcher* v. *Branch*, 11 R. I. 226, 228. Besides the ordinary powers and duties incident to the office of executor, the will before us confers on the person named as executor certain powers, express or implied, and imposes certain duties which do not belong to an executor, as such, but are appropriate to the office of a trustee. The powers and duties are to invest and reinvest the personal estate, not required for the payment of the testator's debts and funeral expenses and the expenses of administration, and not specially bequeathed; to manage and control the real estate devised to him for that purpose ; to collect, receive, and disburse the interest and income arising from such real and personal estate among the objects of the testator's bounty ; and, finally, to pay over and convey to them the estate itself, at the times, or upon the happening of the contingencies, designated in the will.

We do not think that it was the testator's intention to annex these powers and duties to the office of executor. They were rather in the nature of a personal trust or confidence reposed in the particular person whom he had selected as executor. It will be observed that wherever the testator refers to the executor in connection with these powers and duties, he, with a single exception, makes use not merely of the word " executor," but styles him " my executor hereinafter named " or " my said executor."

These powers and duties relating to the trust being distinct from those to be performed by the executor as such, the disclaimer of the latter by the complainant Pomroy did not operate as a disclaimer of the former, which consequently remain to be executed by him as though such disclaimer had not been made. *Garner* v. *Dowling*, 11 Heisk. 48, 50 ; *Tainter* v. *Clark*, 13 Met. 220, 227 ; *Clark* v. *Tainter*, 7 Cush. 567, 570 ; *Judson* v. *Gibbons*, 5 Wend. 224, 228 ; *Perkins* v. *Lewis*, 41 Ala. 649, 653 ; *Bolton* v. *Jacks*, 6 Robert. N. Y. 166, 167, 228 ; *Dunning* v. *Ocean Nat. Bank*, 61 N. Y. 497, 502 ; *Parsons* v. *Lyman*, 5 Blatch. C. C. 170, 173 ; *Williams* v. *Conrad*, 30 Barb. S. C. 524, 532 ; *Moody's Lessee* v. *Fulmer*, 3 Grant Pa. 18, 30.

We think that the trust extends to all the personal estate not required for the payment of the testator's debts and funeral ex-

penses, and the legacies mentioned in the clauses from the sixth to the tenth, inclusive, and the expenses of administration ; the household furniture, however, being subject to a bequest to the testator's widow for life, for though there is no express gift of such personal estate to the executor as trustee, it is clearly implied that he is to hold it as such. He is directed in the second and third clauses of the will to invest and reinvest the sum of twelve thousand dollars, and to pay over the income and finally the principal to the persons, at the times and upon the contingencies specified in the will. Although in the thirteenth clause the testator gives and bequeaths unto his grand children all the rest and residue of all the property of which he may die seized and possessed, this devise and bequest are not to take effect in possession until his grand children attain the age of twenty five years, and the interest, or income, is not to be paid to them until they arrive at the age of twenty one years. Again, by the eleventh clause, the executor is directed in his discretion to pay to the testator's grand children one hundred dollars each, or such part thereof as he shall deem best, in each and every year.

By the fourth clause of the will the testator's homestead estate, No. 206 Clifford Street, subject to the life estate therein of his wife, and the lot on the corner of Plane and Clifford streets, subject to her right of dower therein, are expressly devised to the executor to be held as therein provided. Whether or not he takes anything more than a trust power over the estate on Binney Street, mentioned in the fourth clause, it is not necessary for the present to determine.                *Decree accordingly.*