PROBATE COURT OF SCITUATE *vs.* HORATIO N. ANGELL *et als.*

A legacy was given to A., who was also named executor, "to be by him invested in his name as executor of my estate, and the interest that may accumulate thereon to be paid by him to F. . . . during the term of his natural life," with remainder over. The executor's bond was conditioned "well and truly to administer" the personal estate of the testator which should come into his hands "according to law and the provisions of said will."

A. never invested the legacy in his name as executor, but used it in his business without objection from F., who duly received the interest.

A. in his first account to the Probate Court charged off the legacy as having been paid to himself. This was allowed, but the court subsequently revoked the allowance and required A. to recharge himself with the amount as executor.

A. afterwards resigned, settled his account, and turned over the legacy to an administrator with the will annexed.

In an action on A.'s bond as executor, in which the pleadings raised the one question of whether there had been a breach of the conditions of the bond:

*Held*, that A. took the legacy as executor, not as trustee.

*Held*, further, that A. had not changed his relation to the legacy from that of executor to that of trustee, such a change not being effected by a mere mental determination.

*Held*, further, that there had been a breach of the conditions of the bond.

EXCEPTIONS to the Court of Common Pleas.

*May* 15, 1884.   DURFEE, C. J.   This is debt on an executor's bond.   The bond was given by the defendant Horatio N. Angell, executor of the will of Hardin Fiske, as principal, and by the other defendants as sureties.   The action is prosecuted for the benefit of John Fiske, legatee for life under the fourth clause of the will.   By said fourth clause the testator bequeaths $3,000 to Horatio N. Angell, " to be by him invested in his name as executor of my estate, and the interest that may accumulate thereon to. be paid by him to my nephew John Fiske (son of Isaac Fiske), semi annually, during the term of his natural life," and gives the principal after the decease of said Fiske to other persons.   One of the conditions of the bond is that Angell shall " well and truly administer" the personal estate of the testator which may come to his hands " according to law and the provisions of said will." The declaration contains several counts, in one of which breaches are assigned as follows : " The said defendant Angell has not paid to John Fiske, the person for whose benefit this suit is brought, the legacy devised to him in said will as therein directed, nor made the investment for his benefit as therein in said will it is provided, and for a part of said legacy said John Fiske has obtained final judgment of this court against said defendant Angell, which said judgment is in full force and not reversed, annulled, or satisfied."   The defendants pleaded traversing the breaches assigned, concluding to the country.   The plaintiff accepted the issue.   The defendants also pleaded payment of the judgment alleged.   The plaintiff traversed payment, concluding to the country.   The defendants did the like.

In the court below jury trial was waived and the case tried to the court on law and fact.   The trial was confined to the plea traversing the breaches assigned, no evidence being adduced to

show that the judgment alleged had ever been paid.   It appeared
in evidence that Angell had never invested the $3,000, bequeathed
by the fourth clause of the will, in his name as executor, but had
used it in his own business, having a large property, and that
Fiske, knowing it was so used, made no objection.   It also ap-
peared that at one time Angell had claimed the right to charge
Fiske for making the semi annual payments to him, that Fiske
had demurred and taken some action in the Probate Court, and
that the result was that Angell had waived the charge and paid
the current rate of interest, to which Fiske assented.   Fiske tes-.
tified that he knew that Angell had not invested the $3,000 in his
own name as executor, but had misappropriated it; that Angell
had paid him at different times, semi annually, different sums of
money; that he had talked with Angell about rates of interest,
but had always supposed that the bondsmen were held, and that
he had never done anything intending to release them or suppos-
ing that what he did would release them.   Angell testified that
at the settlement of his first account in 1877 he had been allowed
by the Probate Court to charge off on his account, as paid to him-
self, said sum of $3,000, but that afterwards the court had re-
quired him to charge it back to himself as executor, claiming that
the charging off was error, and that he had charged it back ac-
cordingly.   It also appeared that, a few months previously, An-
gell had settled his account and resigned, turning over the $3,000
to an administrator with the will annexed.   John Fiske claimed
that the court had no jurisdiction to allow the " charging off,"
and that, so far as he was concerned, it was of no effect.   He
also claimed that he was entitled to judgment for the penal sum
of the bond, and that the bond should be submitted to chanceriza-
tion.   The defendants, however, claimed that they were not lia-
ble on the bond for the acts of Angell in regard to the $3,000,
because the $3,000 was given to him as trustee, because Angell
had been allowed to charge it off in his account, and because
Fiske, knowing of the non investment, accepted payments and
conversed with Angell in reference thereto, as stated, the bonds-
men being thereby released.   These positions taken by the de-
fendants were sustained by the court, and judgment was rendered

for the defendants for their costs.   The plaintiff excepted to the rulings and judgment for error, and asks for a new trial.

We think it is clear that, under the pleadings, the testimony to the effect that Fiske knew of and assented to the non investment of the $3,000, and to its employment by Angell in his business, was irrelevant to any issue which was presented at the trial for determination ; for, under the pleadings, the only issues were : *first,* whether the breaches assigned had occurred ; and, *second,* whether the judgment alleged had been paid, the latter issue being permitted to go by default.   The testimony ought to have been rejected, or at least ought not to have been permitted to have any effect, in the preliminary stage of the proceeding.   Whether after judgment for the penal sum, the testimony would have been admissible in chancerization, is another question, on which we do not care to express our opinion, until, if ever, it is formally presented.

The question, then, is, whether the defendants are entitled to judgment because Angell took or retained the $3,000 as trustee, or because he was allowed to charge it off in his account by the Probate Court.   We do not think Angell can be held to have received the money originally as trustee, but on the contrary we think he must be held to have received it, as he received the rest of the personal assets, in his representative capacity as executor. The law in this particular is excellently elucidated by Chief Justice Shaw in *Newcomb* v. *Williams,* 9 Met. 525.   When personal estate is bequeathed in trust to some person other than the executor, the executor remains liable for it on his bond until he turns it over to the trustee.   When the bequest is to the executor himself, then it is sometimes difficult to say, especially if the bequest be pecuniary, when the executor ceases to be an executor and begins to be a trustee.   It is settled, however, that the change must be evinced by some open and notorious act and cannot be effected by a mere mental determination ; and, in Massachusetts, where trustees are required to give bond before assuming the trust, it is held that the executor will remain liable as executor until he gives bond as trustee.   *Dorr* v. *Wainwright,* 13 Pick. 328 ; *Prior* v. *Talbot,* 10 Cush. 1 ; *Miller and Wife* v. *Congdon,* 14 Gray, 114 ; *Probate Court of Newport* v. *Hazard,* 13 R. I. 1 ; *Depeyster* v. *Clendining,* 8 Paige, 295, 310.   It has also been held that a trust,

if not expressly created, will not necessarily be implied, because the will imposes duties different from what are ordinarily required of executors, but the duties will be regarded as duties superadded by the will, and the executor and his sureties will be liable on their bond for the performance of them. *Saunderson* v. *Stearns*, 6 Mass. 37 ; *Hall* v. *Cushing*, 9 Pick. 395 ; *Towne* v. *Ammidown*, 20 Pick. 535, 540 ; *State, Use of Wroth*, v. *Nicols*, 10 Gill & J. 27 ; *Lansing* v. *Lansing*, 45 Barb. S. C. 182 ; *Sheet's Estate*, 52 Pa. St. 257.

We think, on the authority of these cases, that Angell cannot be held to have discharged himself from his liability as executor for the \$3,000, for the direction of the will is that he shall invest it in his name as executor, which clearly imports that at least until such investment he shall hold it as executor. And see particularly *Hall* v. *Cushing, supra.* The only reason for doubt on this point which we see is that the bequest is in the outset directly to Angell; but, notwithstanding this, we think it is clear that Angell was intended to take simply as executor, for he is directed to invest the \$3,000 in his name as executor, and to pay the interest to Fiske for life, and after the decease of Fiske the principal is given, regardless of the bequest to Angell, directly to the remainder men. The testator merely does by express bequest what the law would have done had he omitted it, namely, gives the money to the executor for the purposes of the will. If this be so, the defendants are, of course, liable on the bond. *Elliott* v. *Sparrell*, 114 Mass. 404 ; *Sanford* v. *Gilman*, 44 Conn. 461. We do not think their liability was affected by the " charging off." It was no part of the duty of the Probate Court to allow it. *Arnold* v. *Smith, ante*, p. 217. The " charging off " amounted to nothing even on the face of the account, for it simply showed the money still in the hands of the executor without showing any right in him to have it except as executor. This was therefore a manifest mistake, and the court afterwards rightly corrected it. And see *United States* v. *Parker*, 2 McArthur, 444. Indeed the defendant Angell has himself admitted the propriety of the correction by paying the \$3,000 over to the administrator *de bonis non* with the will annexed.                *Exceptions sustained.*

*Dexter B. Potter*, for plaintiff.

*Browne & Van Slyck* and *Edward D. Bassett*, for defendants.