# PROVIDENCE COUNTY.

## ELLEN O. PECK *et al. vs.* BENJAMIN W. SMITH *et al.*

A. devised and bequeathed all the residue of his estate to his children, subject to the right of his wife M. to use such parts as she might choose for the residence of herself and his children, and to use the income of the rest for the use of herself and his children during her life and until she should remarry.  On her remarriage M. was to have the use and income of one half the estate only.  M. was appointed executrix of the will.

M. administered the estate, and then filed in the probate court a statement that she still held as executrix certain specified shares in certain corporations.  Afterwards she transferred into her own name and pledged some of these stocks, and subsequently made an assignment for the benefit of her creditors to S. under Pub. Stat. R. I., cap. 237, § 12.

The children of A. then brought their bills in equity against the corporations to recover the stock pledged or its value.  They also filed a bill against M. and S., claiming an equitable lien on the assigned property to the extent of the conversion of the corporate shares made by M.'s pledging them.

*Held*, that a trust grew out of M.'s appointment as executrix and her holding the stock in her representative capacity after payment of debts, she being a life tenant.

*Held*, further, that the trust continued in equity, notwithstanding the transfer into her own name, and that the pledge was a violation of the trust.

*Held*, further, that the complainant tenants in remainder, the children of A., were entitled as against the assignee to hold M.'s interest in the trust fund for any losses resulting from her breach of trust.

*Held*, further, that M.'s life interest in the realty of A., not being involved in the trust, was not subject to the same equity of compensation.

*Held*, further, that the children of A., complainants, were not obliged to exhaust their remedy on the bond of M., as executrix, before enforcing their claim for compensation against her life interest.

*Held*, further, that M.'s interest in the shares of stock in the assignee's hands should be held to await the result of equity suits brought by the children of A. against the corporations.

When the *corpus* of property held in trust for a life tenant and remainder men is, in violation of the trust, impaired for the benefit of the life tenant, the interest of the life tenant may be held for the *deficit*, both in the hands of the life tenant and in those of his assignee in insolvency or bankruptcy.  And this right of compensation from the life interest belongs not only to the trustee but also to the remainder men.

BILL IN EQUITY to establish a lien and for an injunction. Heard on bill and answers.

*Joseph C. Ely*, for complainant, cited: *Hood* v. *Clapham*, 19 Beav. 90 ; *Irby* v. *Irby*, 25 Beav. 632 ; *Barratt* v. *Wyatt*, 30 Beav. 442 ; *Williams* v. *Allen*, 32 Beav. 650 ; *Woodyatt* v. *Gresley*, 8 Sim. 180 ; *Ex parte Turner* De G. M. & G. 927 ; *Jacubs* v. *Rylance*, L. R. 17 Eq. 341.

*John F. Lonsdale*, for respondents.

*July* 7, 1888. DURFEE, C. J. This suit is brought by Ellen O. Peck, Mary T. Peck, Maria S. Peck, and Elizabeth A. Peck, children of the late Allen O. Peck, and residuary devisees and legatees under his will, against their mother, Mary E. Peck, widow of said Allen and executrix of his will, and against Benjamin W. Smith, assignee of said Mary E. Peck, for the benefit of her creditors. The will of Allen O. Peck, after directing the payment of his debts and funeral expenses and an annuity of one hundred dollars to his aunt, contained the following residuary clause, to wit :

" I give, devise, and bequeath all the residue and remainder of my estate of all kinds to my children, share and share alike, to have and to hold the same to them and their respective heirs, subject however to the following provision for my wife, Mary Elizabeth Peck : in lieu of her dower in my said estate, my said wife may use, occupy, and enjoy such parts of my estate as she may at any time elect for the residence of herself and my children, and the income of all other parts of my said estate for the use and benefit of herself and my children during her life, and until the day of her marriage ; but from the day of her marriage, and for the remainder of her life, she may have only the use and income of one half of my estate, including such part thereof as she may select for her residence and the household furniture."

The will appoints the said Mary E. executrix, and authorizes her as such to sell so much and such parts of the estate, real and personal, as she may judge proper and expedient, at such times as she may judge expedient, and also such as she may judge necessary or desirable for security or reinvestment.

The bill sets out that Mary E. Peck qualified as executrix, and, after administering the estate, filed in the probate court a state-

O

ment showing that she still held as executrix, besides other property, divers shares of stock in corporations in the city of Providence, to wit: sixteen shares in the Bank of America, one hundred and sixty shares in the Providence Gas Company, and forty-five shares in the American Screw Company, and that thereafter, being unused to business and relying upon the advice of her brother, the late Henry C. Whitaker, who misled her for his own advantage, she had said sixteen bank shares, and one hundred and thirty of said Gas Company, and forty of said Screw Company shares transferred into her own individual name, and pledged said one hundred and thirty and said forty shares to various banks as security for advances made to him under her name; and also that said sixteen shares of the Bank of America are now claimed by the bank, under a provision of its charter, for discounting paper held by it on which, as it claims, said Mary E. Peck is liable as maker, indorser, or otherwise, the proceeds of the discount having gone to Whitaker. The bill further sets forth that there were also sundry parcels of land belonging to the estate of Allen O. Peck, and that, after the death of Whitaker, said Mary E. Peck, discovering what she had done through his agency, and that she was insolvent and that her property was attached, made a general assignment under the statute, Pub. Stat. R. I. cap. 237, § 12, to the defendant Smith in trust for her creditors.

The bill also alleges that said Smith claims to be entitled as assignee to certain interests in all the property devised and bequeathed as aforesaid, and is about to advertise them for sale in discharge of his duties under the assignment; that the complainants have filed against him their claims for the shares of stock transferred into the name of said Mary E. Peck, and pledged as aforesaid; and that they claim that the said Mary E. Peck took under their father's will no assignable interest in the property thereby devised and bequeathed. The bill also claims, in their behalf, that, if the court should decide that she did have an assignable interest, they are entitled, by reason of the conversion of said trust property, to an equitable set-off, recoupment, charge, and lien therefor, to the extent of the conversion, against said interest; and that, inasmuch as said interest is less in value than the property so converted, they are entitled to have the whole of it conveyed

to them, deducting its value, as it may be found, from the amount of their claim presented by them to said Smith.

The prayer of the bill is that the complainants may be decreed to be entitled to a set-off or recoupment, as aforesaid; and that the defendant Smith may be decreed to convey the interest of Mary E. Peck under the will held by him to the complainants, the full value, as computed by a master or otherwise, to be deducted from their claim against him, and that he may be enjoined from selling said interest or any part thereof; and for general relief.

Mary E. Peck answers admitting the allegations of the bill, and submitting herself to the order of the court. The defendant Smith answers admitting the allegations, but he sets up that the complainants have commenced suits in equity in this court against the American Screw Company, against the Providence Gas Company, and against the Bank of America to recover the stock, or portions of the stock, or the value of the stock, for the conversion of which by Mary E. Peck they seek by this suit to recoup from the property held by said Smith as assignee, all of which suits remain undetermined, and said Smith thereupon claims and submits:

1. That the complainants are not entitled as against him to the relief prayed for.

2. That, at all events, they should first exhaust their remedy at law against the said Mary E. Peck, executrix, and the sureties on her bond.

3. That they should exhaust the remedy sought to be enforced in the three equity suits aforesaid before they have any remedy against the real estate belonging to Smith as assignee.

Under the first head two questions arise, namely, *first*, Did Mary E. Peck take an assignable interest in the estate of Allen O. Peck under his will; and if so, *second*, Is that interest in the hands of her assignee liable to charge or recoupment in favor of the complainants, in preference over the other creditors, for their interest in the stock transferred into her individual name and pledged?

The first of these questions, though raised by the bill, has not been argued by counsel, it being apparently assumed that Mrs. Peck took a life estate under the will in the entire *residuum*. We

think she took an estate for life therein, and partly, if not wholly,
free from trust for her children, and that, to the extent of her ben-
eficial interest, it was assignable.    The case does not at present
require us to go any further.    1 Perry on Trusts, §§ 112, 113.

As to the second point, the claim of the complainants is, that
where property is held in trust for life, with remainder over, and
the capital is broken into for the benefit of the life tenant in vio-
lation of the trust, there the life interest may be held to make
good the *deficit*, not only against the life tenant himself, but also
against his assignee in bankruptcy or insolvency.    We think there
can be no doubt that such is the rule when the trust is regularly
constituted, the trustee and the *cestuis que trustent* being different
persons.    In such case the trustee has the right to secure or in-
demnify himself for such inroads on the capital out of the income
accruing to the life tenant, and the latter's assignee, who takes
only an equitable interest, must take it as his assignor held it, sub-
ject to the right.    *Williams* v. *Allen*, 32 Beav. 650; *Ex parte
Turner*, 2 De G., M. & G. 927; *M'Gachen* v. *Dew*, 15 Beav. 84;
*Lincoln* v. *Wright*, 4 Beav. 427; *Fuller* v. *Knight*, 6 Beav. 205;
*Ex parte Turpin*, 1 D. & C. 120; *Ex parte King*, 1 Deacon, 143;
*Priddy* v. *Rose*, 3 Meriv. 105.    In *Barratt* v. *Wyatt*, 30 Beav.
442, it was held that, when trustees are made liable for a breach
of trust committed for the benefit of the life tenant, they are
entitled to be recouped out of his interest, although they have
ceased to be trustees.    In *Fuller* v. *Knight*, 6 Beav. 205, it was
held that a trustee, who has committed a breach of trust for the
benefit of the life tenant, cannot by contract waive his right of
recoupment out of the life interest, the doctrine of the court being
that he possessed the right not only for himself, but also for the
*cestuis que trustent* in remainder, and that it is therefore his duty
to exercise it for them where he had not himself repaired the
wrong.    See *Price* v. *Blakemore*, 6 Beav. 507; *Carson* v. *Sloane*,
13 Ir. L. R. 139.

The case at bar differs from the cases cited in this, that here
it is not the trustee who is seeking to recoup, but the *cestuis* in
remainder.    It also differs in that there was here no formal trust,
but the will devised and bequeathed the residue directly to the
complainants subject to the estate given to Mrs. Peck.    A trust

grew out of Mrs. Peck's appointment as executrix, and her continuing to hold the shares of stock in her representative capacity after she had paid the debts, she herself being the life tenant. She did not divest herself in equity of this trust when she transferred the shares into her individual name, and therefore her subsequent pledging of them was in equity a new violation of the trust ; and the question is, whether, under the cases cited, the complainants, as tenants in remainder, are entitled as against her assignee to have her interest held to answer for any losses which may result therefrom. We think they are so entitled. The trustee has disabled herself from acting for them, though under *Fuller* v. *Knight, supra*, it would be her duty to act for them if she could. In the same case it was admitted by counsel, apparently with the concurrence of the court, that the equitable tenants in remainder could bring suit for themselves, though the court held that, notwithstanding they could do so, it was the duty of the trustee to bring suit for them. In other words, the doctrine recognized was that the right of recoupment out of the life interest was not simply the right of the trustee for his own indemnity or protection, but likewise the right of the tenants in remainder. If this be so, the court will not allow the right of the *cestuis* to be lost by the voluntary assignment of the trustee, but will hold the trust property subject to the right in the hands of the assignee at the suit of the *cestuis*. And see Lewin on Trusts, *771 ; *Woodyatt* v. *Gresley*, 8 Sim. 180. In the last cited case, the suit was brought by trustees of the equitable remainder under a secondary settlement, and some of the *cestuis que trustent* thereunder.

Our decision is, that the complainants are entitled to have Mrs. Peck's life interest in the shares of stock which passed to her assignee held to answer for any losses which have resulted or may result from her misconduct before described. We do not think her life interest in the real estate is subject to the same equity, since the real estate was not involved in the trust. *Egbert* v. *Butter*, 21 Beav. 560.

We know of no principle upon which the complainants can be required to exhaust their remedy against the sureties on the bond given by Mrs. Peck, as executrix, before prosecuting their claims against her life interest ; but, on the contrary, we are inclined to

think that, if the sureties were compelled to satisfy the claims before its enforcement against the life interest, they would be entitled to be subrogated to the right of the complainants against the same.

There will be no restraint under this decision as to the assignee's selling Mrs. Peck's interest in the real estate; but we are of opinion that her interest in the shares of stock in his hands under the assignment, with the interest accruing thereon, should be kept in some proper manner to await the result of the suits brought to recover the other shares, then to be further adjudicated upon as equity requires.